IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF NORTH CAROLINA

GREENSBORO DIVISION

Jacobo R. Posso  
Petitioner, Pro Se

Crim Case No:  
1:18-cr-00120-TDS-1

vs

New TBA

United States of America

---

ACCOMPANYING MEMORANDUM BRIEF IN SUPPORT OF THE

MOTION TO VACATE, SET ASIDE AND CORRECT JUDGMENT

PURSUANT TO 28 USC § 2255(a) and (b)

---

Comes now the petitioner, Mr. Jacobo R. Posso, hereby pro se, humbly before the Court to move the Court to Vacate all Convictions and Sentences that have been unlawfully obtained in violations of the 1st, 5th, 6th, 8th, 9th, 10th and 14th Amendments. The petitioner is also requesting Counsel to be assigned for the Evidentiary Hearing as required under 2255(b) and US v Vaughn 16-3138 (3rd Cir. 2017) as well as US v Herring 18-4023 (2019) and Machibroda 368 US 487 (1962)

Respectfully submitted on this 01 day of Oct., 2019 by

s/ Jacoboposso  
Mr. Jacobo R. Posso  
Fed No. 34312-057  
FCI Butner II  
PO Box 1500  
Butner, NC 27509

ISSUES FOR REVIEW

THE PETITIONER'S CONVICTIONS WERE OBTAINED IN VIOLATIONS

OF THE US CONSTITUTION AND AMENDMENTS RIGHTS

AND REQUIRES THIS COURT TO VACATE THE CONVICTIONS

AND SENTENCES AND ORDER THE EVIDENTIARY HEARING

# TABLE OF AUTHORITIES

CASES                                                                    PAGES

Garza v Idaho   17-1026  (Sp. Ct 2019).........................................11
In Re: Felix M. Palacios  19-12571-G (11th Cir. 2019)...........8
Machibroda   368 US 487  (Sp. Ct 1962).........................................1
Rehaif v US   17-9560  (Sp, Ct 2019)..........................................8-9
Roe v Flores-Ortega   528 US 470  (Sp. Ct 2000)....................11
US v Carthorne   16-6515  (4th Cir. 2017)........................Passim
US v McManus   12-4901  (4th Cir. 2013).........................9
US v Navrestad   66 M.J. 262  (C.A.A.F 2008)....................9
US v Oliver   18-5465  (6th Cir. 2019).........................9
US v Rivenbark   17-13729  (11th Cir. 2018).....................9
US v Sheperd   15-50991  (5th Cir. 2018)........................Passim
US v Vaughn   16-3138  (3rd Cir. 2017)..........................Passim
US v Winbush   17-7148  (4th Cir. 2019).........................Passim
Valenzuela-Gonzales v US   915 F.2d 1276 ( 9th Cir. 1990,)........7-8


STATUES                                                                  PAGES

18 USC § 2422(b)...........................................Passim
18 USC § 2252A(A)(5)(b) and (b)(2)..........................Passim
F.R.Crim. Proc 5,10 and 58.................................Passim

Prelude to Arguments

EVERY PERSON HAS A FIRST AMENDMENT RIGHT TO THE FREEDOM OF SPEECH.

EVERY PERSON HAS A RIGHT TO BE LAWFULLY SENTENCED.

EVERY PERSON HAS A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

EVERY PERSON HAS A LAWFUL RIGHT TO DUE PROCESS OF LAW.

AND EVERY PERSON HAS A RIGHT TO HAVE THE FACTS PROVEN AND NOT PIECE MEALED TO CREATE A CRIME OR TO MAKE THE CRIME FIT.

JUST AS EVERY PERSON HAS A RIGHT TO BE ARRAIGNED AS WELL AS HAVE THEIR COUNSEL FILE A DIRECT APPEAL.

BUT IN THIS CASE, ALL OF THE CONSTITUTIONAL RIGHTS WERE VIOLATED.

Applicable Facts

The petitioner was on a legal site that required all persons to be legally 18 yrs or older". (See App'x C website info). While on the site and acting under his 1st amendment rights to freedom of speech, the petitioner was contacted by someone that he had an encounter with. It was later determined that the person was a minor, who had unlawfully obtained access to the site that required all persons to be 18 yrs or older. This same person contacted the petitioner again 8 months later and that led the petitioner to meet.

Later the petitioner was arrested for these actions and at the time of arrest the officers engaged in a search of the petitioner's phone and computer and found several other records of hyperlinks. At that time the petitioner was charged in the State of North Carolina for these crimes that were alledged and then the federal authorities later indicted the petitioner for these same acts on 3/28/18. (DOC 1) The original indictment was for:

18 USC 2251(a) and (e)- Engaging in sexually explicit conduct for the purpose of producing visual dipictions of such conduct with a minor Ct-1

18 USC 2422(b) - Coerce Minor to engage in sexual activities (Counts 2 and 3)
18 USC 2252(A)(2)(A) and (B)(1) - Receiving Child Pornography (Ct-4)
18 USC 2252A(a)(5)(b) and (b)(2)- Ct-5

The petitioner was arraigned on these charges on April 9, 2018. (DOC 8, 4/9/18) The petitioner had the "same counsel that was retained on the state charges by the name of Michael Petty". The Counsel filed a Motion to file pretrial motions and to continue arraignment until July, which was Granted in part. (DOC 12-13)

5

## Ground One
--------

THE COURT ,GOVERNMENT AND COUNSEL ALL FAILED TO ARRAIGN THE PETITIONER PRIOR TO PLEA FOR THE SUPERSEDING COUNTS OF CONVICTION IN VIOLATION OF F.R.CRIM P. 5 AND 10, AND DEEMS THE CONVICTIONS AS UNCONSTITUTIONAL AND VOID AS A MATTER OF LAW, THUS,MANDATING THE VACATING AND DISMISAL OF THE INDICTMENTS WITH PREJUDICE

Rule 5 of the federal rules of criminal procedure [requires] the accused to be brought before a federal magistrate judge without unnecesary delay. Rule 5(d) establishes the procedure for an [initial appearance in a felony case and Rule 58(b)(2) defines the procedure for an initial...appearance in a misdemeanor case.

A defendant [may be asked to plead only in arraignment].(F.R.Crim. P. 5(d)(4) and F.R.Crim. P 10). According to Fed, R. Crim. P. 5, advisory note (1972), the Federal R. Crim. Procedures have [separate provisions for initial appearance, arraignment and preliminary hearings and each of these provisions also apply to the superseding indictment procedures and must be conducted in open court and [must consist of the following ] F.R. Crim. P. 5 and 10 actions:

1. Ensuring that the defendant (Posso hereafter) has a [copy of the indictment or superseding indictment] and not just his counsel.
2. Reading of the indictment or information or superseding indictments to the defendant (Posso)
3. [Asking the defendant (Posso) to plead to the indictment or superseding indictments according to Rule 10(a)].

But in this case, Counsel Petty appeared, without discussing, on the

6

petitioner's behalf (Posso), without even telling the petitioner about the superseding indictments and without his consent...which is supported by the courts own docket sheet and the petitioner's affidavit attached. This was deemed as fraud on the court.

However, Rule 10(b) strengtens these demands and only provides a waiver [signed by both the defendant (Posso) and the defense counsel (Petty) waiving the appearance and has affirmed that the defendant (Posso) [received a copy] of the indictment or superseding indictment [prior to pleading guilty]. (F.R. Crim. P. 10(b)(2)) But again in this case, the docket sheet confirms that the violations did occur and that Posso was not at the second arraignment, and that Posso never received the superseding indictment and that Posso never signed a waiver of the reading of the superseding indictment, but instead the counsel (Petty) acted on his own and without the petitioner's written or verbal consent when he appeared on 5/1/18 and 5/15/18.

What is more troubling is that the government superseded the superseding indictment on 5/30/18 (DOC 18) and the court set the matter for arraignment for the 1st week of June on 5/31/18 but as the court will clearly see in App'x A(Docket Sheet), the arraignment never even occurred and instead the court proceeded along with the counsel and government to accept a plea to the indictments and then later sentenced Posso. Therefore, the convictions are all void as a matter of law and all must be Vacated.

Therefore, the petitioner moves the court to Vacate all Convictions that were imposed in violation of the Due Process Clause of the 5th Amendment and Rules 5 and 10. Also, the Counsel committed fraud upon the Court and it requires the Counsel to report these actions to the bar itself for futher sanctions.(Valenzuela-Gonzales v US 915 F.2d 1276

7

,1280 (9th Cir. 1990)..holding that Rules 10 and 43 [required Posso, and not his counsel] to be physically present in the court for arraignment and Rules 10 and 43 are broader in [protections than the Constitution].

By failing to arraign the petitioner on the superseding indictments (DOC 18, 5-30-18 thru DOC 23 , 6-13-18), the courts actions violated the Due Process Clause and requires the Court to Grant Immediate Release because he has been illegally sentenced and convicted in violation of the constitutional laws and criminal procedures thereof. (2255(a))

### Ground Two
The convictions were obtained [without meeting all scienter mens rea [knowingly elements ] for each conviction] and mandates the Vacating of each convictions

Recently, the Supreme Court [revived and re-enforced the Congressional mandates and requires for all statues that requires [all elements of a conviction to be met and not just 2 of 3 or 3 of 4](Rehaif v US 17-9560 (June 21, 2019). The Rehaif dealt with the 922(g) but its ruling was squarely rooted in the Due Process Clause and Requirements that all elements must be met for any crime to obtain a conviction. This Rehaif filing was also declared as retroactive.' (See In re Felix M. Palacios. 19-12571-G (11th Cir. pages 4-9) by Judge Rosenbaum..holding that..Rehaif is a new rule of substantive law that is retroactively applicable). The petitioner wants to make clear that he is not making a Rehaif claim, but instead is only showing that the elements of a conviction(s) must all be met before a conviction can be made.

8

In this case, the petitioner "knew" that he was on a site that "required and mandated that all persons be no less than 18 yrs old" in order to utilize its forum for the "freedom of speech]. (See App'x _C_ ). However, each count of conviction has several "mens rea elements that are required to be proven". In this case, even in the governments own filing (DOC 30 p. 10), the government stated the "advertismet was for boys or LGBT". It admits that the petitioner did not state minors, why because in order for the government to know what was stated, it had to also know that the forum literally stated that all participants must be 18 yrs or older. This would literally have shown that the petitioner's actions were not directed at enticing,inducing,coercing or soliciting as the indictments stated. This also would have shown that Posso "was contacted".

In this case, the constitution on the State and Federal levels alike, allow the freedom of speech and the freedom of expression. But the petitioner has been convicted for these same constitutional protections that even US v Rivenbark 17-13729 (11th Cir. 2018) has stated Posso should not have been convicted for. Even the enhancements have these same scienter knowingly requirements and the convictions and enhancements both were imposed in violation of the constitutional laws thereof and US v Rivenbark as well as US v Navrestad, 66 M.J 262 (CAAF 2008) both prove that the petitioner is in fact innocent of these crimes that now Rehaif has shown that applies to all crimes. (See also US v McManus 12-4901 (4th Cir. 2013) and US v Oliver 18-5465 (6th Cir. 2019) which also show that the convictions must be Vacated.)

9

## Ground Three

The Counsel (Petty) "committed fraud upon the court" by failing to inform the petitioner of the superseding indictments and then standing.. in his place without his knowledge. Thus, the counsel was ineffective and also violated the constitutional protection as well as violated Fed. R. Crim. P. 5 and 10 and the ABA standards

Fraud upon the Court is a claim that exists to protect the integrity of the judicial process and therefore a claim of fraud upon the court cannot be timebarred. Fraud on the court embraces species of fraud which does or attempts to subvert the integrity of the court and deprives the defendant being prosecuted and the court of their ability to ensure the due process of law are followed and adhered to..

In this case, the docket supports the claim of fraud upon the court performed by the former counsel Petty. Therefore, because of this, the petitioner was later prejudiced because the petitioner was not made aware of the superseding indictments on the 1st or 2nd set of actions and then was unlawfully convicted based upon these actions and failures to arraign. Therefore, the 3 convictions are proof of the prejudice from the fraud upon the court and the court is required to Vacate the Convictions, Sanction the Counsel , Grant the Evidentairy Hearing and Dismiss the Indictments. (See Affidavit of Posso and DOC 16 dates of 5/1/18 and 5/15/18 & DOC 18 thru 23 dates of 5/30/18 thru 6/13/18)

## Ground Four

In light of Roe v Flores-Ortega 528 US 470 and Garza v Idaho 17-1026, the counsel was ineffective for failing to file the Notice of Appeal as requested and it requires the Court to Vacate the Judgments and issue an Amended Judgment so that the petitioner may file his timely Notice of Appeal that is attached in App'x __D__.

In Garza and Roe, the Supreme Court held that when a defendant request that the appeal be filed and that the counsel fails to file the request, that the presumption of prejudice is presumed regardless of the appeal waivers. This is deemed a 6th Amendment deprivation violation and mandates that the court issues the amendment in judgment so that the defendant may file his own notice of appeal. In this case, the counsel's performance violated the petitioner's 6th Amendment rights and requires this Court to Vacate the Judgments and issue the Amendment in Judgment so that Posso may file his Notice of Appeal that is attached.

## Ground Five

The counsel (Petty) failed to understand the application of the law and the elements as well as the enhancement applications thus causing the petitioner to be unlawfully convicted as well as unlawfully enhanced.

All counsels who have passed the Bar Associations of any kind are required to stay abreast and updated on any changes in law as well as surrounding Circuit and Supreme Court changes. In this case, the counsel

11

confirmed that he did not understand the actual guidelines enhancements himself and that he relied on a former Probation officer, who looked at the guidelines, to determine if the guidelines were correct.

The problem with this, is that it shows & proves that he failed to know the applicable laws governing the petitioner's situation, which also shows that he did not understand the elements involved in the petitioner's case. This also is supported by the clear fact that he was not even aware that the petitioner was never even arraigned prior to the convictions, so even with the Probation officers assistance, it did not cure the defective convictions, and both parties should have known that this PSR was incorrect because the convictions should not have even taken place. Therefore, the counsel was ineffective during the critical stages.

Furthermore, the counsel was ineffective because there was caselaw already out that proved that the convictions nor the enhancements should have taken place and the counsel failed to research these legal issues that would have prevented the... convictions and also prevented some of the enhancements. Therefore in light of US v Carthorne 16-6515 (4th Cir. 2017), US v Winbush 17-7148 (4th Cir. 2019) and US v Sheperd 15-50991 (5th Cir. 2018) the Court must Vacate the Convictions and Sentences.

12

Case 1:18-cr-00120-TDS   Document 45   Filed 10/03/19   Page 12 of 13

## Conclusion

The petitioner's convictions and sentences were obtained in violations of the Constitutional laws thereof and must be Vacated. Also, the former Counsel, Petty, was ineffective prior to plea and after the plea and sentencing and these constitutional violations require the Vacating of the Convictions and Sentences.

Respectfully submitted on this 01 day of October, 2019 by

s/ JacoboRozoP650
Mr. Jacobo R. Posso
Fed No. 34312-057
FCI Butner II
PO Box 1500
Butner, NC 27509

Certificate of Service, 28 USC § 1746

I, Jacobo R. Posso, do hereby certify under the penalty of perjury that a copy of the 2255 form, Accompanying Memorandum along with the Affidavit/Declaration of Posso and the Appendinces on this 01 day of October, 2019 from FCI Butner II has been sent via US Postal Mail to the US. District Court in the Middle District of North Carolina.

s/ JacoboRozoP650
Mr. Jacobo R. Posso

13