```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   UNITED STATES OF AMERICA    )   CASE NO. 1:18CR120-1
                                 )
 4           vs.                 )
                                 )   Winston-Salem, North Carolina
 5   JACOBO ROZO POSSO           )   June 13, 2018
     _____    2:10 p.m.
 6

 7

 8               TRANSCRIPT OF THE CHANGE OF PLEA HEARING
                  BEFORE THE HONORABLE THOMAS D. SCHROEDER
 9                    UNITED STATES DISTRICT JUDGE

10

11   APPEARANCES:

12   For the Government:       FRANK J. CHUT, JR., AUSA
                               Office of the U.S. Attorney
13                             101 S. Edgeworth Street, 4th Floor
                               Greensboro, North Carolina 27401
14

15   For the Defendant:       MICHAEL S. PETTY
                               P.O. Box 2298
16                             Raleigh, North Carolina 27602

17

18   Court Reporter:          BRIANA L. BELL, RPR
                               Official Court Reporter
19                             P.O. Box 20991
                               Winston-Salem, North Carolina 27120
20

21

22

23

24
             Proceedings recorded by mechanical stenotype reporter.
25            Transcript produced by computer-aided transcription.
```

Case 1:18-cr-00120-TDS   Document 54   Filed 01/15/20   Page 1 of 34

P R O C E E D I N G S

1

2     **MR. CHUT:** Next, Your Honor, for guilty plea at

3 arraignment is United States versus Jacobo Rozo Posso.

4 Mr. Posso is represented by Mr. Petty, and this is 1:18CR120-1.

5     **THE COURT:** Good afternoon.

6     **MR. PETTY:** Good afternoon, Your Honor.

7    (The Defendant entered the courtroom.)

8     **THE COURT:** All right. Mr. Petty, are you ready to

9 proceed?

10     **MR. PETTY:** I am, Your Honor.

11     **THE COURT:** This case has not yet been arraigned. Do

12 you represent the Defendant, Jacobo Rozo Posso?

13     **MR. PETTY:** I do, Your Honor.

14     **THE COURT:** And have you discussed with him the

15 charges pending against him in the superseding indictment?

16     **MR. PETTY:** Yes, sir, I have in depth.

17     **THE COURT:** And have also addressed with him the

18 maximum penalties associated with those charges?

19     **MR. PETTY:** I have, Your Honor.

20     **THE COURT:** And do you believe he understands the

21 charges against him and the maximum penalties he's facing?

22     **MR. PETTY:** He does, Your Honor.

23     **THE COURT:** All right. And have you had sufficient

24 time to review the file in this case?

25     **MR. PETTY:** I have, Your Honor.

1          **THE COURT:**  And my understanding is he's intending to

2    offer a guilty plea today; is that correct?

3          **MR. PETTY:**  That is correct.

4          **THE COURT:**  Do you believe that the Defendant

5    understands the nature of our hearing today, that is, a change

6    of plea hearing?

7          **MR. PETTY:**  Yes, Your Honor, he does.

8          **THE COURT:**  And my understanding is he's intending to

9    plead guilty to Counts Three, Six, and Eight of the superseding

10   indictment; is that correct?

11         **MR. PETTY:**  That is correct.

12         **THE COURT:**  Did anybody make any threats or promises

13   to your knowledge, other than those in his plea agreement, to

14   induce his plea today?

15         **MR. PETTY:**  You're asking me?

16         **THE COURT:**  Yes.

17         **MR. PETTY:**  No, Your Honor.

18         **THE COURT:**  Do you recommend that I accept his plea?

19         **MR. PETTY:**  I do, Your Honor.

20         **THE COURT:**  And do you believe that based on your

21   representation of your client that he's, in fact, offering his

22   plea today knowingly and voluntarily?

23         **MR. PETTY:**  He is, Your Honor.

24         **THE COURT:**  All right.  Please administer the oath to

25   Mr. Posso.

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1     (The Defendant was duly sworn.)

2         **THE COURT:**  What is your full name, sir?

3         **THE DEFENDANT:**  It's Jacobo Rozo Posso.

4         **THE COURT:**  How old are you?

5         **THE DEFENDANT:**  Twenty-four.

6         **THE COURT:**  How far have you attended in school?

7         **THE DEFENDANT:**  I was going to finish college on

8 May 12th.

9         **THE COURT:**  Can you read and understand the

10 superseding indictment against you?

11         **THE DEFENDANT:**  Yes.

12         **THE COURT:**  Can you read and understand your plea

13 agreement?

14         **THE DEFENDANT:**  Yes.

15         **THE COURT:**  Have you been treated recently for any

16 mental illness?

17         **THE DEFENDANT:**  No.

18         **THE COURT:**  Have you been treated recently for any

19 addiction to a narcotic drug?

20         **THE DEFENDANT:**  No.

21         **THE COURT:**  Now, I know you are in custody, and you

22 do not appear to me to be under the influence of any kind of a

23 substance, but I need to ask you:  Are you currently under the

24 influence of any alcoholic beverage, any kind of drug, or any

25 kind of medication?

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          THE DEFENDANT:  No.

2          THE COURT:  So I've been asking you these questions.

3   Do you understand you are under oath, and if you answer any of

4   my questions falsely, your answers may later be used against

5   you in another prosecution for perjury or for making a false

6   statement?

7          THE DEFENDANT:  Yes, I understand.

8          THE COURT:  All right.  And have you understood that

9   with respect to all of your answers so far?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And I've asked you whether you can read

12  and understand the superseding indictment and the plea

13  agreement.

14         THE DEFENDANT:  Yes.

15         THE COURT:  Can you?

16         THE DEFENDANT:  Yes, I can.

17         THE COURT:  And I asked you whether you are currently

18  under the influence of any kind of alcoholic beverage, drug, or

19  medication.  And what's your answer to that?

20         THE DEFENDANT:  I'm not.

21         THE COURT:  Did you receive a copy of the superseding

22  indictment against you?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Have you read the current indictment with

25  your lawyer?

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand the indictment and the

3 charges that are pending against you?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Have you fully discussed the charges in

6 the indictment as well as your case in general with your

7 attorney?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Have you had sufficient time to speak

10 with your attorney about your case?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Are you satisfied that to this point in

13 time you have fully explored all the options available to you

14 in your case, including a discussion with your lawyer as to

15 whether or not you may have any defenses to the charges?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Are you fully satisfied with the services

18 your attorney has provided and the advice he has given you?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Now, I have a written plea agreement in

21 the case.

22          Mr. Petty, do you have a copy, sir?

23          MR. PETTY:  I do, Your Honor.

24          THE COURT:  Do you have an executed copy?

25          MR. PETTY:  I do.

US v. Jacobo Rosso  —— Plea Hearing  —— 6/13/18

1      **THE COURT:** If you would show that to your client and
2  turn to page 11.
3      Mr. Posso, is that your signature on page 11 of the
4  plea agreement?
5      **THE DEFENDANT:** Yes.
6      **THE COURT:** Did you read and fully understand the
7  plea agreement before you decided to be bound by it by signing
8  it?
9      **THE DEFENDANT:** Yes.
10      **THE COURT:** At this time I am going to ask Mr. Petty
11  to review with all of us the principal terms of your plea
12  agreement. I do want you to listen carefully, because when he
13  is finished, I am going to turn back to you and ask you some
14  questions about what he said, and I'll ask you some other
15  questions as well. My goal is to determine whether I believe
16  you understand all the terms of your agreement. All right?
17      **THE DEFENDANT:** Okay.
18      **THE COURT:** Mr. Petty, if you would highlight for us
19  the principal terms of the agreement, including the penalty
20  provisions and any plea bargaining.
21      **MR. PETTY:** Your Honor, we've pled in this to receipt
22  of child pornography and enticement of a minor. The receipt
23  carries a minimum of 5 years. The enticement carries a minimum
24  of 10 years. So at the very minimum, he is going to be in
25  prison for 10 years, and I've explained that to him. There's

US v. Jacobo Rosso -- Plea Hearing -- 6/13/18

1  -- really, the maximum is so high that -- without the

2  guidelines, but it's probably 30 years is what -- I think the

3  cap is off of it because we took this plea agreement, Your

4  Honor.

5          **THE COURT:**  You say a minimum of 5 years.  I thought

6  the mandatory minimum was 10; is that not right?

7          **MR. PETTY:**  On receipt, I think it's 5.  Maybe I'm

8  wrong, but I know it's 10 for enticement and 15 for production.

9  We didn't plead to the production, Your Honor.  That was the

10  benefit -- the big benefit in my opinion to the plea agreement,

11  Your Honor.

12          **THE COURT:**  Hold on just a minute.

13      (Pause in the proceedings.)

14          **THE COURT:**  He is pleading to Counts Three, Six, and

15  Eight; correct?

16          **MR. PETTY:**  Yes, sir.

17          **THE COURT:**  Three is a coercion or enticement count,

18  Six is a coercion or enticement count, and Eight is the

19  possession count, which I believe has no mandatory minimum but

20  a maximum of 10 years; is that not correct?

21          **MR. PETTY:**  I think you're right, Your Honor.  I

22  stand corrected on that.

23          **THE COURT:**  All right.

24          **MR. PETTY:**  So we didn't plead -- there were two

25  counts of production in the superseding indictment.  We didn't

        US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  plead to that.  He's also -- the fines, a maximum of 250,000 as

2  to each count.  And, Your Honor, we've agreed that he will be

3  examined by a Government psychiatrist or psychologist, and that

4  evaluation will be made available to the Court, Your Honor.

5        **THE COURT:**  All right.  It looks like you and the

6  Government have also agreed that a range of 15 to 30 years is

7  the appropriate disposition in the case, paragraph 5C?

8        **MR. PETTY:**  Yes, Your Honor.

9        **THE COURT:**  As well as --

10        **MR. PETTY:**  Wait a minute.  No, I didn't agree -- I'm

11  sorry.  10 years to 30 years, Your Honor, minimum.

12        **MR. CHUT:**  Your Honor, the plea agreement on page 7,

13  it's paragraph 5C, provides for a -- that the United States and

14  the Defendant agree that a range of 15 to 30 years is the

15  appropriate disposition.

16        **THE COURT:**  That's what's in the plea agreement.

17        **MR. PETTY:**  Your Honor, I need to -- I made a mistake

18  then, Your Honor.  I'm going to need to talk to my client about

19  this.

20        **THE COURT:**  All right.

21        **MR. PETTY:**  I'm sorry.

22        **THE COURT:**  I'm going to stop right here then.

23        **MR. PETTY:**  I made a mistake on this.  I'm sorry,

24  Your Honor.

25        **THE COURT:**  All right.  Well, I am going to stop the

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  proceeding at this point then, if you your client need further

2  time to address the plea, and I will be here if you need me.

3        **MR. PETTY:**  Okay.  I need to call Mr. Iverson.

4        **THE COURT:**  As I say, I will stop here.  I'm here for

5  the afternoon, depending on what you all decide.  Otherwise,

6  the plea agreement is between the Government and the Defendant,

7  and I cannot be involved in that and won't be.

8        **MR. PETTY:**  I understand, Your Honor.

9        **THE COURT:**  Thank you.

10     (Proceedings paused at 2:21 p.m.)

11     (Proceedings resumed at 3:48 p.m.)

12     (The Defendant was present.)

13        **MR. CHUT:**  Your Honor, we'll return to United States

14  versus Jacobo Rozo Posso, 1:18CR120, Mr. Petty representing

15  Mr. Posso, and this is on for change of plea, Your Honor.

16        To update the Court, we have -- Mr. Petty and

17  Mr. Iverson have resolved the issue.  There's a new plea

18  agreement that was filed, Your Honor, and we here now ready to

19  proceed.  Again for the Court, the only change is the 11(c) --

20  Rule 11(c) portion was removed from the plea agreement, Your

21  Honor.  So that paragraph is no longer in the plea agreement.

22        **THE COURT:**  All right.  So the plea agreement that

23  you're proceeding on now is the one that's filed June 13, which

24  is today?

25        **MR. PETTY:**  Yes, Your Honor.

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          **MR. CHUT:**  Yes, Your Honor, correct?

2          **THE COURT:**  Okay.  So I think what I'll do is just

3   start over then since we have a new plea agreement.

4          So let me ask you then, Mr. Petty, are you ready to

5   proceed?

6          **MR. PETTY:**  Yes.

7          **THE COURT:**  Have you had sufficient time to review

8   the file -- review the plea agreement and discuss it with your

9   client?

10         **MR. PETTY:**  Yes, Your Honor.

11         **THE COURT:**  All right.  And do you believe your

12  client understands the charges that are pending against him and

13  the nature of the hearing today?

14         **MR. PETTY:**  Yes, Your Honor.

15         **THE COURT:**  And does he wish to enter plea of guilty?

16         **MR. PETTY:**  Yes.

17         **THE COURT:**  My understanding is he's intending to

18  plead guilty to Counts Three, Six, and Eight of the superseding

19  indictment; is that correct?

20         **MR. PETTY:**  Yes, Your Honor.

21         **THE COURT:**  Did anybody make any threat or promise

22  other than those contained in the plea agreement to induce his

23  plea?

24         **MR. PETTY:**  No, Your Honor.

25         **THE COURT:**  Do you recommend that I accept it?

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          **MR. PETTY:**  I do, Your Honor.

2          **THE COURT:**  Do you believe your client offers his

3  plea today knowingly and voluntarily?

4          **MR. PETTY:**  Yes, Your Honor.

5          **THE COURT:**  All right.  Let's administer the oath

6  again.

7      (The Defendant was duly sworn.)

8          **THE COURT:**  Mr. Posso, do you understand you are now

9  under oath, and if you answer any of my questions falsely, your

10  answers may later be used against you in another prosecution

11  for perjury or for making a false statement?

12          **THE DEFENDANT:**  Yes.

13          **THE COURT:**  What is your full name?

14          **THE DEFENDANT:**  Jacobo Rozo Posso.

15          **THE COURT:**  How old are you?

16          **THE DEFENDANT:**  Twenty-four.

17          **THE COURT:**  How far did you attend in school?

18          **THE DEFENDANT:**  I was going to graduate this May.

19          **THE COURT:**  Graduate from?

20          **MR. PETTY:**  From NC State.

21          **THE DEFENDANT:**  NC State.

22          **THE COURT:**  Can you read and understand the

23  superseding indictment?

24          **THE DEFENDANT:**  Yes, sir.

25          **THE COURT:**  Have you read and understood your current

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1   plea agreement?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And by that I mean the plea agreement

4   that you've now submitted today, the new one?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  All right.  Have you been treated for any

7   mental illness or addiction to a narcotic drug?

8          THE DEFENDANT:  No.

9          THE COURT:  And I know you have been in custody, but

10  I will ask you again:  You do not appear to me to be under the

11  influence, but have you -- or are you, rather, under the

12  influence of any alcoholic beverage, any drug, or any

13  medication?

14         THE DEFENDANT:  No.

15         THE COURT:  Did you receive a copy of the superseding

16  indictment that's currently pending against you?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Did you read it with your lawyer?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Do you understand the indictment and the

21  charges against you?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Have you fully discussed the charges in

24  the superseding indictment as well as your case in general with

25  your attorney?

       US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  Have you had sufficient time to speak

3   with your lawyer about your case?

4          **THE DEFENDANT:**  Yes, sir.

5          **THE COURT:**  Are you satisfied fully that you've to

6   this point in time explored all of the options that are

7   available to you?

8          **THE DEFENDANT:**  Yes, sir.

9          **THE COURT:**  And have you included in that a

10  discussion with your lawyer whether you may have any defenses

11  to the charges?

12         **THE DEFENDANT:**  Yes, sir.

13         **THE COURT:**  Are you fully satisfied with the services

14  your attorney has provided and the advice he has given you?

15         **THE DEFENDANT:**  Yes, sir.

16         **THE COURT:**  Now, I have a written plea agreement

17  that's entered as of today.

18         Do you have an executed copy of that one, Mr. Petty?

19         **MR. PETTY:**  I do, Your Honor.

20         **THE COURT:**  If you would turn to the last page of

21  that, page 10, and show that to your client.

22         Mr. Posso, is that your signature on page 10 of the

23  June 13, 2018, plea agreement?

24         **THE DEFENDANT:**  Yes, sir.

25         **THE COURT:**  And did you read and fully understand all

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  the terms of this agreement before you decided to sign it?

2      THE DEFENDANT:  Yes, sir.

3      THE COURT:  So, Mr. Petty, if you would at this time

4  please review with us the principal terms of this plea

5  agreement.

6      MR. PETTY:  Your Honor, he's agreed to plead guilty

7  to Counts Three, Six, and Eight of the superseding indictment,

8  and he will be sentenced to a term of not less than 10 years

9  nor more than life as to each count, Your Honor.

10      THE COURT:  As to two of the counts.

11      MR. PETTY:  As to two, it's no more than life.  It's

12  10 to life as to two of them and 10 to whatever the guideline

13  range would be on the receipt, I think, Your Honor.

14      THE COURT:  Paragraph 2A says that as to Counts Three

15  and Six, he'll be -- he's subject to a term of imprisonment of

16  not less than 10 nor more than life, and paragraph 2B says that

17  he's subject to a sentence of not more than 10 years.

18      MR. PETTY:  Yes, Your Honor.  I'm sorry.  I was

19  mistaken.

20      THE COURT:  Let's follow the plea agreement.  What

21  else?

22      MR. PETTY:  And he could be -- the maximum fine is

23  $250,000 as to each count, Your Honor; that he could be

24  sentenced to probation of not less than 5 years, but he could

25  be sentenced to probation for life after he's released.

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          **THE COURT:**  You mean supervised release, not

2    probation?

3          **MR. PETTY:**  Yes, Your Honor.

4          **THE COURT:**  All right.

5          **MR. PETTY:**  He understands that the sentence to be

6    imposed upon him is within the discretion of the sentencing

7    court subject to the statutory minimum and mandatory minimum

8    penalties; that the Court is not bound by the range of the

9    United States sentencing guidelines, but that the Court is

10   required to consult these guidelines and take them into

11   account, Your Honor.  In doing so, the Court will first

12   calculate, after making the appropriate findings of fact, the

13   sentencing range prescribed by the guidelines and then will

14   consider the range, as well as other relevant factors set

15   forth, Your Honor.

16          And he is a United States citizen.  So I don't think

17   that his immigration status will be change -- will be affected

18   by that.

19          **THE COURT:**  All right.

20          **MR. PETTY:**  Your Honor, that he's required to

21   register as a sex offender in any state that he may reside,

22   Your Honor.

23          And he agrees pursuant to the North Carolina General

24   Statutes that whatever county he resides in after he's released

25   that he will provide verification to the probation office of

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

such registration, Your Honor, and that if he moves, he may be
required to register pursuant to the state laws of the new
state, Your Honor.

He gives up -- by pleading to this, he gives up his
right to plead not guilty and not to be compelled to
incriminate himself, to confront and cross-examine the
witnesses against him, and to have the jury or judge determine
his guilt, Your Honor, and the other constitutional rights
which attend a defendant on trial in a criminal case, Your
Honor.

And he's abandoning any interest he has in anything
seized, Your Honor.

Also, I explained any of the computers or anything
like that he has -- he's giving up his right to try to claim
that the Government has to give these back to him.  I explained
that to him.

Your Honor, I also explained to him that he will get
a two-level reduction, and the offense level will be higher
than a 16, and that the United States will recommend a further
decrease by one additional level, but that you don't have to do
that.  That's in your discretion, I think, Your Honor.

I also explained to him that he's got to cooperate --
participate in a psychosexual evaluation, Your Honor, and he's
got to answer all these questions truthfully and fully, Your
Honor.

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          And, also, I explained to him that he's -- he
2    expressly waives his right to appeal the conviction and
3    whatever sentence is imposed on any ground, Your Honor, and to
4    further waive any right to contest the conviction or the
5    sentence in any post-conviction proceeding, Your Honor, except
6    that he could attack it on ineffective assistance of counsel or
7    prosecutorial misconduct not known to the Defendant at the time
8    of his guilty plea, Your Honor.

9          I explained to him that all monetary penalties are
10   due immediately, and the Defendant agrees that if the Court
11   imposes a schedule of payments, the schedule of payments shall
12   be merely a schedule of minimum payments and shall not be a
13   limitation to -- on the methods available to the United States
14   to enforce or collect that judgment, Your Honor.

15         And I also explained to him that the United States
16   and he has -- we reserve the right to bring to the Court's
17   attention any facts deemed relevant for the purposes of
18   sentencing, and that I will be vigorously doing that, Your
19   Honor, through my memorandum that I will be filing with the
20   Court in response to the presentence report, Your Honor.

21         And I explained to him that no agreements
22   representations or understandings have been made between the
23   parties in this case other than those which are explicitly set
24   forth in this plea agreement, and none will be entered into
25   unless executed in writing and signed by the parties, Your

1  Honor.

2  **THE COURT:**  All right.  There's also a 5,000-dollar

3  special assessment for each of the counts as well; correct?

4  **MR. PETTY:**  Yes, sir.

5  **THE COURT:**  All right.  Does the plea agreement

6  contain the complete agreement between the Government of the

7  United States and your client?

8  **MR. PETTY:**  It does, Your Honor.

9  **THE COURT:**  Thank you.

10  So, Mr. Posso, you've heard your attorney review the

11  key terms of your plea agreement.  Is that, in fact, your

12  understanding of your plea agreement?

13  **THE DEFENDANT:**  Yes, sir.

14  **THE COURT:**  Do you understand all the terms of your

15  plea agreement?

16  **THE DEFENDANT:**  Yes, sir.

17  **THE COURT:**  Does your plea agreement contain the

18  entire agreement between you and the Government of the United

19  States in your case?

20  **THE DEFENDANT:**  Yes, sir.

21  **THE COURT:**  Have you had sufficient opportunity to

22  read the plea agreement and to discuss it with your attorney?

23  **THE DEFENDANT:**  Yes, sir.

24  **THE COURT:**  Do you have any questions at this time

25  for either your attorney, with whom you can speak privately, or

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  me about any portion of your plea agreement?

2           THE DEFENDANT:  No.

3           THE COURT:  Do you understand that in your plea

4  agreement the Government has agreed to make a recommendation to

5  the Court; that is, in paragraph 5B of the plea agreement, the

6  Government has agreed to recommend that if you qualify for what

7  is known as acceptance of responsibility and your offense

8  level, as calculated under the sentencing guidelines, is 16 or

9  greater, then in that case the Government will recommend that

10 you receive an additional one-level decrease in your offense

11 level?

12          Do you understand that?

13          THE DEFENDANT:  Yes, I understand.

14          THE COURT:  Do you understand that it is only a

15 recommendation from the Government that is not binding on the

16 Court?

17          THE DEFENDANT:  Yes, I understand.

18          THE COURT:  Do you understand that if, for any

19 reason, that the Court were to reject that recommendation, the

20 Court could impose a sentence that may be more severe than you

21 may have anticipated but without permitting you to withdraw

22 your plea?

23          THE DEFENDANT:  Yes, I understand.

24          THE COURT:  All right.  Did anybody make any threats

25 or promises to you other than those contained in the plea

        US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  agreement in an effort to persuade you to plead guilty?

2         THE DEFENDANT:  No, sir.

3         THE COURT:  Has anybody in any way attempted to force

4  you to plead guilty today against your wish?

5         THE DEFENDANT:  No, sir.

6         THE COURT:  Are you a citizen of the United States?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  Do you understand that as a citizen, if I

9  do accept your plea of guilty, then you will be adjudged guilty

10 of the offenses, and you may lose certain valuable civil rights

11 as a result, which would include the right to vote, the right

12 to hold public office, the right to serve on a jury, and the

13 right to possess any kind of a firearm?

14         THE DEFENDANT:  Yes, sir, I understand.

15         THE COURT:  Let me review with you the maximum

16 penalties that are provided for if I accept your plea of

17 guilty.

18         You're intending to plead guilty to Counts Three,

19 Six, and Eight of the superseding indictment.  Counts Three and

20 Six each charge coercion or enticement in violation of Title 18

21 of the U.S. Code, Section 2422(b).

22         As to each of those separately, the maximum penalties

23 are imprisonment of not less than 10 years up to a period of

24 life -- in other words, there's a mandatory minimum sentence of

25 10 years up to life -- a fine of not more than $250,000 or

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

twice the gross gain or loss caused by the violation, whichever is greater, a period of supervised release of not less than 5 years up to life -- in other words, a period of supervision after imprisonment of at least 5 years, a mandatory minimum of 5 years, up to life -- the Court can order the payment of restitution, there is a 100-dollar special assessment, there's another 5,000-dollar special assessment unless you qualify as an indigent, and you will be required to register as a sex offender in every jurisdiction applicable.

As to Count Eight, which charges possession of material containing an image of child pornography in violation of Title 18 of the U.S. Code, Section 2252A(a)(5)(B), the maximum penalties are imprisonment up to but not more than 10 years, a fine of not more than $250,000 or twice the gross gain or loss, whichever is larger, a period of supervised release of not less than 5 years up to a maximum of life; in other words, a mandatory minimum of 5 years of supervision up to a maximum of life. The Court can order forfeiture of any visual depiction connected with the offense or any material containing such a visual depiction and any property constituting or traceable to any proceeds or profits from the offense and any property used or intended to be used to commit or promote the offense. There's mandatory payment of restitution. There is a 100-dollar special assessment. There's also the 5,000-dollar special assessment in these sex offender cases unless you

Case 1:18-cr-00120-TDS  Document 54  Filed 01/15/20  Page 22 of 34

1 qualify as an indigent, and you again will be required to
2 register as a sex offender in all applicable jurisdictions.
3              Do you understand all those various potential
4 penalties?
5              **THE DEFENDANT:**  Yes, sir, I understand.
6              **THE COURT:**  Now, as to the penalty of supervised
7 release, do you understand that following any term of
8 imprisonment, you will be placed on a period of supervision by
9 the Court?
10              **THE DEFENDANT:**  Yes, I understand.
11              **THE COURT:**  Do you understand that during your
12 supervision, if you violate any conditions of supervision, you
13 could be sent back to prison for a period of time?
14              **THE DEFENDANT:**  Yes, I understand.
15              **THE COURT:**  Do you understand to your satisfaction
16 all possible penalties and consequences of your plea of guilty?
17              **THE DEFENDANT:**  Yes, I understand.
18              **THE COURT:**  Now, I've just described to you the
19 various penalties that can be imposed in your case.  It will be
20 up to the Court to determine your actual sentence at a
21 sentencing hearing, which will occur at a later date.
22              The U.S. Sentencing Commission has created what are
23 known as sentencing guidelines and related policy statements
24 the Court must consider in determining a sentence in your case.
25              Are you aware of that?

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          **THE DEFENDANT:**  Yes, I understand.

2          **THE COURT:**  I cannot determine your sentencing

3    guideline range until your written presentence report has been

4    prepared by the U.S. Probation Office.  Once the report is

5    prepared, you'll be given an opportunity to review it with your

6    lawyer, and you can file any objections you may have to the

7    report, including any objection you may have to the application

8    of the sentencing guidelines in your case.

9          Do you understand?

10          **THE DEFENDANT:**  Yes, sir, I understand.

11          **THE COURT:**  Now, it may be that Mr. Petty or others

12    may have given an estimate of what they believe your sentencing

13    guideline range or your sentence may be.  If so, do you

14    understand that any such estimates are only estimates and may

15    be different from the actual guidelines calculated by the Court

16    and the sentence imposed by the Court?

17          **THE DEFENDANT:**  Yes, sir, I understand.

18          **THE COURT:**  Do you understand that once the Court

19    determines your guideline range, it will not be required to

20    follow it because the guidelines are advisory and not binding?

21          **THE DEFENDANT:**  Yes, sir, I understand.

22          **THE COURT:**  That means that the Court must consider

23    the advisory guidelines, along with all the other sentencing

24    factors set out in Title 18 of the U.S. Code in Section

25    3553(a).  Do you understand?

US v. Jacobo Rosso  –– Plea Hearing  –– 6/13/18

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  Do you understand that the Court does

3   have the authority to impose a sentence that is either more or

4   less severe than what the guidelines may recommend?

5          **THE DEFENDANT:**  Yeah.

6          **THE COURT:**  Do you understand that parole has been

7   abolished; so if you are sentenced to prison, you would not be

8   released early on parole?

9          **THE DEFENDANT:**  Yes, sir.

10         **THE COURT:**  Do you understand that you or the

11  Government may have the right to appeal any sentence imposed?

12         **THE DEFENDANT:**  Yes, sir.

13         **THE COURT:**  Let me review now your rights under our

14  Constitution.

15         As you stand before the Court, as you do at this

16  time, and before I accept any plea from you, you have the right

17  to plead not guilty to any or all of the charges against you

18  and to persist in that plea.

19         You have the right to demand a trial by a jury.  At

20  any trial, you would be presumed to be innocent, and the United

21  States would bear the burden of proving your guilt beyond a

22  reasonable doubt.  That means the United States is required to

23  prove each and every element of the crime charged beyond a

24  reasonable doubt before you could be found guilty.

25         Do you understand?

US v. Jacobo Rosso  —— Plea Hearing  —— 6/13/18

1           **THE DEFENDANT:**  Yes, sir.

2           **THE COURT:**  You also have the right to the assistance

3   of a lawyer and, if necessary, to have the Court appoint

4   counsel at trial and at every other stage of the proceedings.

5           You have the right to see and hear all the witnesses,

6   the right to confront them, and you or your lawyer has the

7   right to cross-examine them.

8           You have the right to testify in your own defense, if

9   you choose to do that; but nobody can force you to do that.  As

10  a result, if you choose not to testify, then that decision will

11  never be held against you.

12          You also have the right to present evidence, and you

13  can issue subpoenas that would require witnesses to attend to

14  testify in your defense.  If you did not present any evidence

15  at all, however, that fact cannot be used against you.

16          Do you understand all of these rights that I've

17  described?

18          **THE DEFENDANT:**  Yes, sir.

19          **THE COURT:**  Do you understand further that -- do you

20  understand further that by entering a plea of guilty, that once

21  I accept it, then there will be no trial, and you will have

22  given up forever, not only your right to a trial, but all of

23  these other rights associated with a trial that I've described?

24          **THE DEFENDANT:**  Yes, sir, I understand.

25          **THE COURT:**  Do you understand that if I do accept

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  your plea of guilty, it is highly unlikely that the decision

2  would ever be reversed?

3  **THE DEFENDANT:**  Yes, I understand.

4  **THE COURT:**  Now, I mentioned that one of the rights

5  you have is you or the Government may have the right to appeal

6  any sentence in your case, but do you understand that in

7  paragraph 5E of your plea agreement you're significantly

8  limiting your appeal rights; that is, in exchange for the

9  Government's agreement to dismiss the remaining counts of the

10 superseding indictment, you're expressly waiving your right to

11 appeal your conviction and sentence on any ground, including

12 any appeal right that's conferred under Title 18 of the U.S.

13 Code, Section 3742(a), and you're further waiving any right to

14 contest your conviction or sentence in any post-conviction

15 proceeding, which we sometimes call a habeas proceeding,

16 including any such proceeding under Title 28 of the U.S. Code,

17 Section 2255, with the exception that you do preserve your

18 right to appeal or collaterally attack based on grounds of

19 ineffective assistance of your lawyer, any misconduct by the

20 prosecutor not known to you at the time of your plea, any

21 sentence that exceeds the statutory maximum, and any sentence

22 based on an unconstitutional factor, such as race, religion,

23 national origin, or gender?

24 Do you understand that?

25 **THE DEFENDANT:**  Yes, sir, I understand.

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1          THE COURT:  All right.  If you were to put the

2   Government to the burden of proof in this case, it would be

3   required to prove the elements of these offenses to a jury of

4   12 beyond a reasonable doubt, which means each and every juror

5   would have to agree as to every element of the offense before

6   you could be found guilty.  Do you understand?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  So let me review with you the elements of

9   the offenses to which you are intending to plead guilty, and

10  then I have some more questions for you.

11          In Count Three, the Government is required to prove

12  the following elements -- and before I read these, let me ask

13  counsel:  There's no indication that the victims were under the

14  age of 14, which would have a separate penalty offense; is that

15  correct?

16          MR. PETTY:  That's correct.

17          THE COURT:  Okay.

18          MR. CHUT:  That's correct, Your Honor.

19          THE COURT:  All right.  So the Government would be

20  required to prove the following:

21          That in or about August of 2017 -- give me just a

22  moment -- you knowingly persuaded, induced, or enticed, or

23  coerced an individual to engage in sexual activity that

24  constitutes a crime; that is, the Government charges indecent

25  liberties with a child under North Carolina law and sexual

1 exploitation of children under Title 18 of the U.S. Code

2 Section 2251(a). And the Government must prove that at the

3 time of the attempted persuasion, inducement, enticement, or

4 coercion, the individual victim was under the age of 18 and

5 that, in doing so, you used the mail or any facility or means

6 of interstate commerce.

7 As to Count Six, the Government would be required to

8 prove that on or about October 4, 2017, here in the Middle

9 District, you knowingly persuaded, induced, enticed, or coerced

10 an individual to engage in sexual activity that constitutes a

11 crime in North Carolina law, that is, indecent liberties with a

12 child under North Carolina law and sexual exploitation of

13 children under Title 18 of the U.S. Code, Section 2251(a).

14 Also, that at the time of the persuasion, inducement,

15 enticement, or coercion, the individual victim was under the

16 age of 18 and that, in so doing, you used to mail or any

17 facility or means of interstate commerce.

18 And as to Count Eight, which charges possession of an

19 image of child pornography, the Government would be required to

20 prove that on or about March 1, 2018, in the Middle District of

21 North Carolina, you knowingly possessed any book, magazine,

22 periodical, film, videotape, computer disk, or any other

23 material that contained an image of child pornography that had

24 been mailed or shipped or transported using any means or

25 facility of interstate commerce or foreign commerce or in or

US v. Jacobo Rosso -- Plea Hearing -- 6/13/18

affecting interstate or foreign commerce by any means,
including by a computer, or that was produced using materials
that had been mailed, shipped, or transported in or affecting
interstate or foreign commerce by any means, including a
computer.

          And, finally, the Government must prove that you knew
at the time that the material contained child pornography.

          Do you understand the elements of each of these
offenses as I have reviewed them with you?

**THE DEFENDANT:** Yes, sir, I understand.

**THE COURT:** And how do you plead to each of these
offenses?

**THE DEFENDANT:** Guilty.

**THE COURT:** Are you pleading guilty, Mr. Posso,
because you are, in fact, guilty of each of these offenses?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you understand that by pleading guilty
you're admitting the elements of each of these offenses?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Bear with me just a moment.

   (Pause in the proceedings.)

**THE COURT:** Do you understand that in your plea
agreement, in paragraph 2E, you're also agreeing to pay
restitution, not only to any victim of the offenses, but any
victims harmed by what is known as your relevant conduct, as

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1  that term is defined by the sentencing guidelines?

2            **THE DEFENDANT:**  Yes.

3            **THE COURT:**  And you're also agreeing in your plea

4  agreement to cooperatively participate in a psychosexual

5  evaluation.  Do you understand that?

6            **THE DEFENDANT:**  Yes, sir.

7            **THE COURT:**  It is the finding of this Court in Case

8  1:18CR120-1, United States of America versus Jacobo Rozo Posso,

9  that Mr. Posso is fully competent and capable of entering an

10  informed plea, that he understands the charges against him and

11  the consequences of his plea, and his plea of guilty is knowing

12  and voluntary.

13            I have a factual basis that's been filed in the case.

14  Did you receive a copy, Mr. Petty?

15            **MR. PETTY:**  I did, Your Honor.

16            **THE COURT:**  Have you reviewed that with your client?

17            **MR. PETTY:**  I have, Your Honor.

18            **THE COURT:**  Do you have any objections to it?

19            **MR. PETTY:**  No, Your Honor.

20            **THE COURT:**  All right.  Mr. Posso, did you read the

21  factual basis?

22            **THE DEFENDANT:**  Yes, sir.

23            **THE COURT:**  Do you agree with your lawyer:  You have

24  no objection to the contents of it?

25            **THE DEFENDANT:**  Yes, sir.

1          **THE COURT:**  All right.  Give me just a moment.  I've

2    read this previously.

3          (Pause in the proceedings.)

4          **THE COURT:**  All right.  I've read the factual basis.

5    I will find that it does provide an independent basis in fact

6    for each of the essential elements of the offenses.  So I will

7    accept the plea, and the Defendant is now adjudged guilty of

8    Counts Three, Six, and Eight of the superseding indictment.

9          The next step then, Mr. Posso, is the preparation of

10   a written presentence report by the U.S. Probation Office.  You

11   will be asked to provide information for the report, and your

12   attorney may be present for your interview.

13          When the report is completed, you'll have the

14   opportunity to review it and file any objections if you

15   disagree with any aspect of the report, including the

16   application of the sentencing guidelines recommended by the

17   probation office.  If there are objections that are not

18   resolved by the time of your sentencing, I will resolve those

19   first, and then I'll determine a sentence in your case.

20          You'll have the opportunity to speak at sentencing,

21   if you wish, but you're not required to.  You enjoy the right

22   to remain silent.

23          The Court directs the preparation of a written

24   presentence report.  I'm also ordering a psychosexual

25   evaluation pursuant to the agreement of the Defendant in his

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1    plea agreement; and as a result, I'm going to set this for

2    sentencing in October.  It will be set for Tuesday, October 16,

3    2018, at 9:30 a.m. here in Winston-Salem in Courtroom Number 2.

4              Anything further I need to address?

5          **MR. PETTY:**  No, Your Honor.

6          **MR. CHUT:**  No, thank you.  That's business for the

7    United States.

8          **THE COURT:**  We'll adjourn Court.

9          **MR. PETTY:**  Thank you for your patience.

10        (END OF PROCEEDINGS AT 4:22 P.M.)

11

12                          ******

13

14

15

16

17

18

19

20

21

22

23

24

25

          US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18

1 UNITED STATES DISTRICT COURT

2 MIDDLE DISTRICT OF NORTH CAROLINA

3 CERTIFICATE OF REPORTER

4

5

6          I,  Briana L. Bell, Official Court Reporter, certify

7 that the foregoing transcript is a true and correct transcript

8 of the proceedings in the above-entitled matter.

9

10          Dated this 15th day of January 2020.

11

12

13          _____
          Briana L. Bell, RPR

14          Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25

US v. Jacobo Rosso  -- Plea Hearing  -- 6/13/18