# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Jacobo Rozo Posso, Petitioner | CRIM. CASE No: 1:18CR120-1 |
| v. | CIV. CASE No: 1:19CV906 |
| United States of America, Respondent | |

FILED JUN 11 2021 IN THIS OFFICE Clerk U.S. District Court Greensboro, N.C. By _____

## Petitioner's Objections to the Magistrate's Report & Recommendation & Request for Immediate Evidentiary Hearing

Comes Now the Petitioner, Jacobo Rozo Posso, hereby Pro Se, humbly before the Court to file his objections to the R&R for the following reasons:

"Minimally competent counsel would have recognized a likely defense based on the statute's text alone." (Heard v. Addison, 728 F.3d 1170, 1180 (10th Cir. App. 2013)).

**OBJECTION 1:** In relation to Petitioner's First Ground for relief for Ineffective assistance of counsel (Doc. 45, PP. 6-8., Doc. 77, PP. 2-5), the Magistrate Judge states the "Petitioner has failed to sufficiently articulate how he was prejudiced" from the counsel's actions withholding the first and second SI, and failure to have the Petitioner properly arraigned prior to pleading guilty (See Doc. 85, P.11). Contrary to the Magistrate's dispute, the Petitioner has addressed the deficient performance/prejudice prongs for ground 1 in detail in his reply brief (See Doc. 77, PP. 2-5), and as in U.S. v. Feldman, 793 Fed. Appx. 170, 2019 U.S. App. lexis 35861, No. 17-7613 (4th Cir. App., 12/3/2019) which held the district court erred in a 28 U.S.C. 2255 proceeding in finding that the inmate failed to show prejudice as the inmate satisfied his burden of demonstrating prejudice under the Strickland test.

Second, the Magistrate Judge states the record demonstrates that "Counsel told the Court that he had discussed with Petitioner "in depth" the charges pending against him in the Superseding Indictment. (Docket Entry 54 at 2.)...[and] Petitioner himself told the court under oath that he received a copy of the "currently pending" superseding indictment, read it with his lawyer, understood the indictment and charges..." (See Doc. 85, P.11). However, contrary to the Magistrate's dispute, the Petitioner provided the court with an authenticated copy of a CD containing telephone recordings between former counsel Petty and Petitioner Posso, and an affidavit in support that are now part of the record as Doc. 78 - Affidavit, & Doc. 79 - the CD

filed on 09/28/2020 which are more detailed than the declarations by counsel at the plea hearing and actually prove the counsel was withholding the SI's.

For example, Doc.78, Fact 13 which relates to the May 14, 2018 telephone recording, counsel Petty stated, "They have superseded your indictment, and they've added some other stuff, it really doesn't make any difference." But he didn't say what "stuff" they added. Then, counsel Petty states the prosecution was not able to verify the encounter with the boy from Clemmons. Counsel Petty says, "I think that was denied." Thus, this is the only evidence where the counsel told Posso that "They have superseded your indictment" and that the counts for the boy in Clemmons were "denied".

After this telephone recording up to the plea hearing, the recordings prove that counsel never stated again that they superseded the indictment again, nor did he provide Posso with a copy of the SI's for the reasons Posso explained in his brief (Doc.77, PP.2-5). The major point being, Petitioner "pleaded guilty and was convicted for the new count in the Second SI (Count 3) without being apprised of the substance of the accusations, being that count 3 was amended various times to describe different minor's involving the 2422(b) offense (see Indictment Doc.1, Count 3 compared to First SI Doc.14, Count 3, compared to Second SI Doc.18, Count 3)" (Doc.77, P.5).

Moreover, at the plea hearing the court never stated that a "Second SI" had been returned, instead it only mentioned, "superseding indictment" (See Doc.54, P.2 at 14-15 and P.13 at 15-16). The problem is that at that time, the counsel had stated that "they have superseded your indictment, and they've added some other stuff, it really doesn't make any difference." So the Petitioner was just responding to the court at the plea hearing with the counsel's assurance to not worry about what they superseded (the first SI).

As far as the Petitioner's dispute that no arraignment was held, the Magistrate states, "Petitioner plead guilty at arraignment to counts three, six, and eight of the May 30, 2018 superseding indictment" (Doc.85, P.10). However, contrary to the Magistrate's statement, the day of the plea hearing of June 13, 2018 the court stated, "this case has not yet been arraigned" (See Doc.54, P.2 at 11-12). The Petitioner would like to point out to the court that even if the court tried to arraign the Petitioner to counts 3, 6, and 8 prior to the acceptance of the plea, counsel Petty was ineffective for not ensuring the arraignment was followed properly.

First, the counsel failed to correct the court when it was erroneously giving a reading of the "wrong statute citation" for the counts to which Petitioner was intending to plead guilty to (counts 3 and 6) (See Doc.54, PP.28-30), which proves Petitioner had no clue what he was pleading guilty to and the plea could not have been "knowingly" entered.

Second, counsel Petty failed to ensure that the court read the substance of the charges in the 2nd SI for counts 3 and 6. In this case, while the court did attempt to inform the Petitioner of the substance of the accusations as mandated by the constitution and Fed.R.Crim.P.10, it did not state that count 3 was pertaining to a Minor-3, nor did it state that count 6 pertain to a Minor-1. The court only stated the word "Individual" (See Id. at pp.28-30).

This was prejudicial to Posso because he was not aware that the count 3 to which he was pleading guilty to was for a Minor-3. Thus, this proves counsel Petty prejudiced Posso because he could not have signed the plea "Knowingly" when he was not informed of the "substance", in this case which minor he was pleading guilty to, and again the fact that the court read the wrong statute and the counsel's failure to correct the court demonstrates Posso's guilty plea was not knowing. Given all the disputes, and contradictions and issues presented in this ground, an evidentiary hearing is required to flesh out the facts.

**OBJECTION 2:** In relation to Petitioner's second ground for relief (Doc.45, pp.8-9., Doc.77, pp.5-11), the Magistrate disputes that ground 2 has been waived and is timebarred (See Doc.85, P.5). Contrary to the Magistrate's dispute, the Petitioner has sufficiently explained in his reply brief (See Doc.77, pp.5-11) why he can bring this ground for relief and because Rehaif is an ongoing issue it cannot be time-barred, and at this time is still before the Supreme Court been debated over, and in this case, Petitioner raised it in his initial brief and cannot be waived because this is a constitutionally invalid plea and the counsel should have raised this issue of the elements not being met as a defense by doing basic research and staying abreast on the laws and cases pending before the Supreme court. Moreover, the court has failed to address the claims raised in ground 2 as in U.S. v. Mohamadi, 733 Fed. Appx. 703, 2018 U.S. App. Lexis 12656, No.: 17-7395 (4th Cir. App. 2018) which held that the district court did not address Mohamadi's claims raised in his 28 U.S.C. 2255 motion and remanded for consideration of Mohamadi's unresolved claims.

Second, the Magistrate [Judge does not dispute] that the Petitioner did not meet the 'Knowingly scienter element' of the Statute's of conviction for counts 3, 6, and 8. Therefore, the court is required to hold an evidentiary hearing as well as vacate the conviction in light of the Rehaif v. U.S., S.P.ct. decision, and also U.S. v. Murphy, 942 F.3d 73, at 85-86, 2019 U.S. App. Lexis 32884 (2nd Cir. App. 2019), as well as the January 18, 2021 executive order requiring all Mens Rea components to be met. (See Pres. Trumps Protecting Americans from overcriminalization and Restoring the Mens Rea, issued on Jan. 18, 2021).

**OBJECTION 3:** In relation to Petitioner's third ground for relief (Doc.45, P.10., Doc.77, PP.11-13), the Magistrate failed to address this ground which is a claim based on counsel Petty committing "Fraud upon the court", and misconstrues it with the first ground (Doc.45, PP.6-8., Doc.77, PP.2-5) which is a claim for ineffective assistance of counsel. While it is true as stated in Petitioner's reply brief that "Ground 3 is being supported by arguments made in ground 1" (See Doc.77, P.12), the two grounds are distinct in that ground 3 is based on the court being misdirected by counsel Petty and was the victim of fraud because it was under the assumption that the counsel had provided a copy of the SI's and reviewed it with Posso. Ground 1 is based on ineffective assistance of counsel on the same facts provided but that Posso was prejudiced as a result of the counsel withholding the SI's and failure to properly arraign.

As has already being stated in Petitioner's reply brief (Doc.77, PP.11-13), Ground 3 is based on counsel Petty preventing the proper functioning of the court to function under basic constitutional standards of Due Process by committing the fraud upon the court, making the proceedings deficient and fundamentally unfair in violation of the 5th and 6th amendments Due Process rights.

Since the magistrate has failed to address ground 3 as in U.S. v. Mohamadi (4th cir. APP. 2018), Supra, and given the facts in dispute for this ground, and that it has been sufficiently argued, it requires an immediate evidentiary hearing to flesh out the facts.

**OBJECTION 4:** In relation to Petitioner's fourth ground for relief (Doc.45, P.11., Doc.77, PP.13-14), the Magistrate Judge disputes that this ground for relief has no merit and should be denied (See Doc.85, PP.12-17). However, contrary to the magistrate's recommendation for this ground, the transcripts provided by the former counsel Petty in Doc.81, 01/06/21, actually enhances the Petitioner's ground for relief and what has already been argued to prove the deficient performance/prejudice prongs when counsel Petty did not wish to file the notice of appeal and talked the Petitioner out of the notice of appeal. The Fourth Circuit has been clear that "when counsel fails to file a requested appeal, a defendant is entitled to a new appeal...[and] there is a presumption of prejudice when an attorney fails to file an appeal, even when the defendant signs an appeal waiver." Knox v. U.S., 2019 U.S. Dist. Lexis 218566, Crim No: 4:17-cr-00379-RBH-1 (4th cir. D.S.C. December 19, 2019) (quoting Garza v. Idaho, 139 S.Ct. 738, 203 L. Ed. 2d 77 (2019).

The transcripts provided by counsel Petty from the conversations that occurred in Piedmont Virginia Regional Jail show that on October 24, 2018 while Posso was still in the time-frame to file a direct appeal notice, Posso called counsel Petty and explained to him that he changed his mind about wanting to appeal his case, that he believe there "are

some things that could be justified to bring the sentence much lower"(Doc.81-1,P.4 at 11-23). Counsel Petty responded that because of the "plea agreement, we don't get to appeal. So that's going to throw you out right there., that will dismiss your appeal"(Id,P.4 at 2-9). Counsel Petty responded that he didn't think there's any grounds for an appeal, and stated," I'm not going to do your appeal, I wasn't paid to do an appeal, I don't think it's valid, I don't think it's legally justified"(Id,P.5,at 15-18). Counsel Petty then states,"you can try to appeal it but it's going to cost you a bunch of money and it's not going to go anywhere"(Id,P.5 at 22-24).

  During the conversation Counsel Petty states a couple of things about the Petitioner's conduct, like the amount of pornography and the videos, and that Posso "got with two minors, had sex with two 14-year olds"(Id,P.7 at 5-8). When Posso stated that he didn't see all the videos or images, counsel replied,"It doesn't matter... You had that stuff, man. You traded for it. I mean," you didn't know what was in it" but you possessed it and you knew it was bad"(Id,P.7-,P.8 at 1-4). Counsel Petty's statements actually show that Posso did have grounds for appealing, such as the fact that Posso only had Dropbox hyperlinks and U.S. v. Navrestad, 66 M.J. 262 (C.A.A.F. 2008) is the precedent that states that just like Navrestad, Posso cannot be found guilty of possession of CP simply by having Dropbox hyperlinks. Even the enhancements as to count 8 should not have occurred, specially when the counsel himself states that Petitioner didn't know what was in it. So how could the court sentence Posso under sentencing enhancements that penalize over a conviction Posso is in fact innocent as to count 8. But due to counsel Petty's failure to investigate caselaw like U.S. v. Navrestad and U.S. v. Smith, 402 F.3d 1303, 2005 U.S. App. lexis 4521., No.:03-13639(11th Cir. App. 2005) which held that a conviction for possession of child pornography cannot stand "because purely intrastate, noncommercial conduct did not substantially affect interstate commerce and was not subject to regulation under commerce clause, U.S. Const. art. 1, § 8, cl. 3.", it is clear that there were grounds for appealing.

  As to the counsel Petty's statements about Posso getting with the minors, as has been demonstrated in Petitioner's reply brief, affidavits, telephone recordings, including the transcripts provided by counsel in Docket entry 81, his misrepresentation of the 2422(b) statute persisted even after Posso was sentenced as counsel Petty kept his focus on the encounters rather than the actual offense targeted by the 2422(b) statute which is an intent to change the assent of the minor, not an intent to engage in sex with a minor as has been described in the 4th cir. authorities U.S. v. Fugit, 703 F.3d 248, at 255, 2012 U.S. App. lexis 26643 (4th cir. App. 2012) and U.S. v. Engle, 676 F.3d 405, at 419, 2012 U.S. App. lexis 4105 (4th cir. App. 2012), of which the counsel failed to investigate. Therefore, the elements of the convictions for counts 3, 6, and 8

Page 5 of 18
Case 1:18-cr-00120-TDS   Document 89   Filed 06/11/21   Page 5 of 18

were not proven and there were clearly grounds for appealing the sentence in light of the S.Ct. ruling in Rehaif, and also U.S. v. Murphy, 942 F.3d 73, at 85-86, 2019 U.S. App. Lexis 32884 (2nd Cir. App. 2019); and now the Jan. 18, 2021 executive order requiring all mens rea components to be met (See Pres. Trump's Protecting Americans from Over Criminalization and Restoring the Mens Rea, issued on Jan. 18, 2021). But Counsel Petty kept discouraging Posso from the appeal process, "There's no way you are going to get your sentence changed if I file an appeal. It's just not going to happen" (Doc. 81-1, P.8 at 14-15).

The Petitioner questioned the counsel about the appeal, "So you said you are not going to do the appeal?" (Id, P.9 at 8-9) to which Counsel Petty responded that Posso would have to pay him more for it, but, "If you want me to file the notice of appeal, I guess I have to do it. I don't want to do it, I don't want to spend any more time on it.... I don't want to have to go drive to Greensboro and file an appeal for you. It's not going to go anywhere. I really don't want to do it." (Id, P.9 at 10-21).

The Magistrate's contention in the R&R (Doc. 85, P.17) that because on the last call Posso had with counsel on October 25, 2018 that because Posso didn't mention to counsel again to file the notice of appeal that therefore this ground lacks merit, is unreasonable since Counsel Petty had already made a point that he "really don't want to do it" on the previous day. Therefore, the deficient performance has been established by the counsel stating he did not want to file the appeal, and talking Petitioner out of the appeal process. The prejudice prong is met because as was argued before, it deprived Posso of the appeal process by counsel stating he did not want to file the appeal, and because he didn't "want to have to go drive to Greensboro and file an appeal for you. It's not going to go anywhere. I really don't want to do it." (Doc. 81-1, P.9 at 10-21). Given all the facts that have been presented, there were clearly grounds for an appeal. Since there are numerous disputes for this ground revolving around the notice of appeal, an evidentiary hearing is warranted. See Garza v. Idaho, supra., and Long v. United States, 626 F.3d 1167, 1169., 2010 U.S. App. Lexis 23942, No. 09-16232 (11th Cir. App. 2010) which held that counsel's failure to file an appeal had tolled the limitations period, and the district court's judgment was vacated.

OBJECTION 5: In relation to Petitioner's fifth ground for relief (Doc. 45, PP. 11-12., Doc. 77, PP. 14-21), the Magistrate disputes several of Petitioner's arguments, which will be addressed below in sub-claims.

OBJECTION (5)(A): As far as the Magistrate's dispute about Petitioner's claims being meritless for Counsel Petty not pursuing the line of defense of Posso being legally in a website specifically for adults that mandated and "required" all members to be 18+ and

was based on the 1st amendment freedom of speech, and that this would have proven the Petitioner was innocent as charged of the enticement, solicitation charges (counts 3 & 6) because the minors were the ones that sought out Posso violating the legal requirements of the website and initiated contact with Posso soliciting for sex, and that the counsel "was reasonable in advising him against repeating them to the court at sentencing" (See Doc.85, pp.18-19). On the contrary, this defense goes to hearth to prevent the Petitioner from being convicted of 2422(b) because it would have proven Posso did not meet the first and second element of 2422(b) "(1) use of a facility of interstate commerce, (2) to knowingly persuade, induce, entice..." Since Posso was legally in the website for adults, and the minors initiated the solicitations, thus Posso never had the intent to use the internet for the purpose of knowingly persuading, inducing, enticing as the statute proscribes. Not to mention that the other 2 elements haven't being met either.

  In fact, counsel Petty not relying on the defense above, along with his misunderstanding of the elements of the statute as has been described in detail for ground 5 in the reply brief (see Doc.77, pp.14-21) demonstrates he did not understand the elements of convictions, and that he had Posso sign a plea to counts 3 and 6 on the assumption that Posso engaging in illegal sexual activity with the minors was all there was to the convictions, and due to his ignorance and negligence at researching caselaw applicable to the Petitioner's case, he failed to raise this defense as in U.S. v. Cuthbertson, 833 Fed. Appx. 727, No.18-1223 (10th Cir. App. 2020), and therefore the Magistrate failed to hold a hearing on this matter to determine whether that failure was prejudicial for the counsel not pursuing this line of defense as in Bridges v. U.S., 991 F.3d 793., No. 20-1623 (7th Cir. App. 2021), which in Petitioner's case it would have resulted in a significantly lower sentence or being acquitted of the convictions as in U.S. v. Carthone, 878 F.3d 458, No. 16-6515 (4th Cir. App. 2017), but because of his failure to research caselaw it renders the plea constitutionally invalid and involuntary as in U.S. v. Shepherd, 880 F.3d 734, No. 15-50991 (5th Cir. App. 2018), See also U.S. v. Winbush, 922 F.3d 227, No. 17-7148 (4th Cir. App. 2019). Even the legislative history of the 2422(b) statute is in favor of Posso, and the counsel was ineffective for not researching the applicable law, the statutes, and caselaw which would have proven the Petitioner is innocent of the charges.

  The fact that Posso was on a website were he was legally at, coupled with the fact that the minors accessed the site illegally, and the fact that they initiated contact with Posso and solicited him for sex is not what Congress intended for individuals like Posso to be prosecuted for. The 1998 legislative history shows that when Congress enhanced the penalty for violating 2422(b), including adding a ten-year Mandatory Minimum sentence, it was concerned

Page 7 of 18
Case 1:18-cr-00120-TDS   Document 89   Filed 06/11/21   Page 7 of 18

in part with "Pedophiles who Stalk children on the Internet" (See Protection of children from Sexual Predators Act of 1998; H.R. Rep. No. 105-557, at 12 (1998)). Congress was particularly concerned about "recent, highly publicized news accounts in which Pedophiles have used the Internet to seduce or persuade children to meet them to engage in sexual activities... noting that youths who have agreed to such meetings have been kidnapped, photographed for child pornography, raped, beaten, robbed, and worse" (See Sentencing Federal Sexual Offenders: Protection of children from Sexual Predators Act of 1998 (www.ussc.gov)).

Even the most recent congressional act, The Adam Walsh child Protection and Safety Act of 2006 which amended 2422(b) to have a mandatory minimum of ten-years and a maximum of up to life does not apply to petitioner. Congress enacted The Adam Walsh Act in order to "Protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, [and] to promote internet safety..." (See Pub. L. No. 109-248, 120 Stat at 587). Its legislative history makes clear that the Act was designed to be a "comprehensive bill to address the growing epidemic of sexual violence against children" (H.R. Rep. No. 109-218, Pt.1 (2005)).

All of these directives from Congress are important to Posso's case, because they dictate how the courts are supposed to apply the applicable law and enhancements, and counsel Petty is supposed to be familiar with the law and ensure that Posso is convicted and sentenced fairly, as well as the elements being met, but counsel Petty was ineffective for not being familiar with the law when it is clear that Posso does not meet the criteria of individuals to even receive the mandatory minimum of ten years, nor even be prosecuted. For one, Posso did not stalk minors on the internet. Second, the psychologist who conducted the psychosexual evaluation determined that Posso "does not appear that he would meet criteria for pedophilia..." (Doc. 24, p.9), and "Mr. Posso is negative on the criminologic factors" (Id. at p.12), and "Luckily for Mr. Posso he does not appear to be mired in many of the problematic issues that lead to re-offense." (Id., P.13).

Thus, counsel Petty was ineffective for not understanding the applicable law, the elements of convictions as it applied to petitioner's case, and Posso was prejudiced because he was unlawfully convicted and unlawfully enhanced from the elements of convictions not being met as in U.S. v. Bain, 925 F.3d 1172, at 1174, 1179, No. 17-10107 (9th Cir. App. 2019) which held that element of use of a dangerous weapon not met which is a requirement in violation of the armed bank robbery under 18 U.S.C. 2113(d), and requiring all counts to be vacated for resentencing purposes when one count is vacated on appeal. (See also U.S. v. Hector, 772 Fed. Appx. 547, No. 17-50009, (9th Cir. App., June 20, 2019) (if one count wrong, all must be vacated).

Page 8 of 18
Case 1:18-cr-00120-TDS   Document 89   Filed 06/11/21   Page 8 of 18

**OBJECTION(5)(B):** Next, the magistrate judge disputes that Petitioner's "arguments that he was unlawfully convicted... he did not actually possess child pornography,... [and that] his counsel did not erred and Petitioner suffered no prejudice"(Doc.85, P.23), and that "the fact that the hyperlinks resolved to child pornography in multiple Dropbox accounts owned by other individuals does not absolve Petitioner of possessing... images"(Id, at P.20), the magistrate judge contentions would be and are unreasonable, clearly erroneous and contrary to law.

The case of U.S. v. Navrestad, 66 M.J. 262 (C.A.A.F 2008) holds to the contrary. That case held that hyperlinks is not child porn and that Navrestad cannot be prosecuted for possession of hyperlinks because hyperlinks does not meet the element of "material" within the meaning of the statute. This issue and the Petitioner seeking relief for the unlawful conviction for Count 8 has been fully argued in several parts of Petitioner's initial 2255, (See Doc.45, P.3 stating U.S. v. Navrestad in the table of authorities, P.9 (ground 2) on the unconstitutional Plea for Count 8, and on P.12 for ground 5 -- based on counsel Petty's failure to investigate caselaw already out that would have proven the convictions (in this case Count 8) should have never taken place,...). The supplemental brief based on subject matter jurisdiction grounds, (Doc.52, ground 9, PP.19-20) also shows Petitioner is entitled to relief for Count 8.

On Petitioner's reply brief, Posso expands on how counsel Petty was ineffective for having him plead to Count 8, "The worst situation pertaining to Count 8... is that counsel Petty informed Posso on August 3, 2018 over the phone, that the prosecution had "Sent a subpoena to Dropbox, and they're going through your Dropbox"(See Affidavit #2, P.9 fact 35)..."(See Doc.77, P.16). This was two months after Posso had already sign the plea. Therefore, because of counsel's Petty's failure to research caselaw and understand the elements of possession and conduct factual investigations prior to plea, Posso was unlawfully convicted and unlawfully enhanced for Count 8 which U.S. v. Navrestad, supra., already dictates that Posso cannot be convicted of possessing hyperlinks, and the counsel's ignorance and negligence at researching caselaw clearly prejudiced Petitioner as in U.S. v. Cuthbertson, supra., U.S. v. Bridges, supra., U.S. v. Carthone, supra., U.S. v. Shepherd, supra., and U.S. v. Winbush, supra. Count 8 must be vacated as in U.S. v. Bain, supra., U.S. v. Hector, supra.

**OBJECTION(5)(C):** Third, the magistrate judge disputes that Petitioner's argument of telling his counsel to object to PSR(48), 2G2.2(b)(7)(D) 5 level enhancement for possessing 600 or more images of child pornography has no merit (See Doc.85, P.20). Based on what has been presented elsewhere in Petitioner's 2255 pleadings revolving around Count 8, and **OBJECTION(5)(B)** above, and the caselaw already out like U.S. v. Navrestad, this enhancement should not have occurred. And counsel Petty was ineffective for not challenging this enhancement specially when he

states himself in his memorandum, "there is not any evidence that he even viewed these images" (Doc.29, P.3., See also Doc.30, P.4).

Even counsel Petty's own statements in the transcripts he provided show that he fail to object to the enhancement when Posso stated over the phone on October 24, 2018, "Yeah, but I didn't see all of them. I didn't see, you know--" (Doc.81-1, P.7 at 23-24). To which counsel Petty responded, "It doesn't matter. It doesn't matter... You had that stuff, man. You traded for it. "I mean, you didn't know what was in it" but you possessed it and you knew it was bad" (Id, P.8, at 1-4). Thus, he was not only ineffective for failing to object to this enhancement, but it was prejudicial because he himself states the Petitioner didn't know what was in them. Therefore, how can Petitioner be held liable for something that is not only his, but is not considered child porn according to U.S. v. Navrestad, but also Posso did not have control over what other's were putting in those accounts and when.

Next, the Magistrate states that Petitioner "sent the hyperlinks to others knowing they accessed child pornography" (Doc.85, P.20). Even if the Petitioner did send hyperlinks to others, there is no proof that he had the intent to send the hyperlinks for the purpose of trading child porn, and even if the Petitioner sent the hyperlinks or received hyperlinks, count 8 is a charge for possession, and receiving or distributing CP is proscribe by other subsections of the 2252A statute for which Petitioner has not been found guilty of, nor charged by indictment as in U.S. v. Smith, 402 F.3d 1303, at 1323., No. 03-13639 (11th Cir. App. 2005) ("Smith was not indicted for distributing child pornography. Nor did the Jury specifically or necessarily find that he had distributed child pornography"). But the Petitioner did not do all of the above, as hyperlinks is not child porn. Thus, the counsel was ineffective for failing to object to PSR(48) which prejudice Posso because it resulted in his sentence being enhanced by 5 levels.

OBJECTION (5)(D): Fourth, the magistrate disputes that Petitioner's argument of telling his counsel to object to PSR(45), 2G2.2(b)(4) 4 level enhancement for the offense involving material with sadistic or masochistic conduct, that "There is no reason to believe that an objection along these lines would have been successful" (Doc.85, PP.20-21) because of some evidence that apparently the government has demonstrating that the enhancement was warranted. To the contrary, the Petitioner disputes as has been stated before, Petitioner Posso only had Dropbox hyperlinks and not child porn, thus this makes this enhancement void.

Moreover, counsel Petty himself stated on April 30, 2018 over the phone, "Most of the images, though, there's not sadomasochistic stuff like children getting... what they call prepubescent. Most of it was people around 13, 14, 15 years old..." (See Doc.78, P.3 fact 10). This shows that he failed to object to PSR(45) which would have prevented the 4 level enhancement when he himself acknowledged

Page 10 of 18

Case 1:18-cr-00120-TDS   Document 89   Filed 06/11/21   Page 10 of 18

there was not that type of conduct. And the fact that he failed to object when the words "sadistic" or "masochistic" are ambigious words that the sentencing commission has failed to explain. Also, the magistrate erred in per say concluding what the judge would have done if counsel did raise this legal issue for this enhancement.

 To the extent the magistrate disputes on footnote 13 that "Petitioner may also be faulting counsel for not challenging the enhancement in paragraph forty-four [2G2.2 (b)(3)(B) of 5 levels] at sentencing...exchanging the Dropbox links containing child pornography...but not for pecuniary gain" (Doc.85, P.21), not only was counsel Petty ineffective for failing to file the proper pleadings to this enhancement (See Doc.28, P.41-- the Probation officer stating that "Pleadings were due by October 2, 2018, and have not been filed as of the date of this addendum", See also Doc. 37 and Doc. 38), but also counsel Petty failed to subject the prosecution to the burden of proof to justify the enhancement which would have require the government to submit individualized evidence, under the clear and convincing standards instead of the preponderance of evidence standards, of the petitioner's intent to distribute child porn, and the fact that this enhancement has two elements that must be proven to justify the enhancement as in U.S. V. Valle, 940 F.3d 473., No: 18-50199 (9th Cir. App. 2019). Counsel Petty clearly failed to research the caselaw in the 4th circuit that would have justified the removal of the enhancement as in U.S. V. McManus, 734 F.3d 315., No.12-4901 (4th Cir. App. 2013). Moreover, the fact that hyperlinks is not child pornography would have made this enhancement void, as petitioner only had Dropbox hyperlinks.

 **OBJECTION (5)(E):** Fifth, the magistrate disputes that petitioner's argument of telling his counsel to object to the PSR(27) 2G2.1 (b)(1)(B) 2 level enhancement since the offense involved a minor who had attained the age 12 years, but not...16 years, because it was fully accounted for in the base offense level, "The court sees no error here" (Doc.85, P.21). The problem with this enhancement is that it would apply if petitioner had coerced, induced, enticed the minor, but this has not been proven, and in light of what petitioner has presented about how he was in a website where he was legally practicing his first amendment right, and that he was solicited by the minor and contacted first by the minor, so there was no enticement or coercion of the minor in question. Counsel Petty was clearly ineffective for not objecting to this enhancement specially when he at sentencing states Posso did not violate the conduct targeted by 2422(b) when he stated to the court, Posso "didn't groom anyone...these young men contacted him...he didn't threaten anyone. He didn't coerce anyone...it's not like these cases that we see where, you know, it's a swim coach and he grooms these young people... it wasn't like that, your Honor" (Doc.55, PP.18-19). So there were clearly grounds for rebutting this enhancement in light of all the facts of the case as in U.S. V. Davis, 924 F.3d 899, at 899, 903-904., 2019 U.S. App. lexis 15151., Nos. 18-3031/3145 (6th Cir. App. 05/22/2019).

**OBJECTION(5)(F):** Sixth, the magistrate disputes that Petitioner's argument of telling his counsel to object to the PSR(28) 2G2.1(b)(2)(A) 2 level enhancement "because similar language was used in paragraph twenty-six of the PSR...he was impermissibly punished twice for the same conduct...this argument has no merit" (Doc.85,pp.21-22). The Magistrate appears to be mistaken that only one enhancement was applied. The Magistrate Judge states, "although a two-level enhancement for Petitioner's commission of a sex act...was listed in both paragraphs twenty-six...and twenty-eight...only the enhancement referenced in paragraph twenty-eight was ultimately applied" (Doc.85,P.22). This is not the case, and it reveals that counsel Petty himself failed to even notice that the enhancement referenced in PSR(26) as 2G2.3(b)(4)(A) and PSR(28) as 2G2.1(b)(2)(A) are the same and both enhancements were used to increase the offense level to a total of 38 (See total in PSR 33) as in U.S. v. Randall, 924 F.3d 790., No. 17-11403, (5th Cir. App., 2019).

Without the 2 level enhancement in PSR 26 as the Magistrate Judge states it should have been removed, and leaving the enhancement in PSR 28 as the Magistrate states, the total offense level would have been 36. As a result of counsel Petty's failure to object, Posso was prejudiced because he received a higher sentence.

**OBJECTION(5)(G):** Seventh, the magistrate disputes that Petitioner's argument of telling his counsel to object to the PSR(34) 2G1.3(c)(1) because "there is no reason to believe any objection to the cross-reference in paragraph thirty four would have been successful, given the evidence that Petitioner solicited and obtained self-produced child Pornography from the minor in question (minor-1)" (Doc.85,P.22). To the contrary of the Magistrate's recommendation, there are several reasons for the enhancement to be removed which counsel Petty failed to bring up as in U.S. v. Bridges, Supra.. First, this enhancement should not have applied because Petitioner was never found guilty of soliciting and obtaining self-produced child porn from minor-1 so therefore, the sentencing guideline for Production used in the Petitioner's case as a cross-reference was improperly applied as in U.S. v. Huberfeld, 968 F.3d 224., at 224, 232-33., Docket No. 19-436(L) (2nd Cir. App., 2020).

Second, counsel Petty allowed the probation officer to use the dismissed count for Production of CP related to minor-1 (Doc.18, Count 1) to be used as conduct to enhance the Petitioner's sentence as in U.S. v. Harris, 70 F.3d 1001 (8th Cir. 1995) which held that it would be error to depart upward on the basis of counts dismissed as part of a plea agreement. See also Kinder v. U.S., 504 U.S. 946, 119 L.Ed. 2d 214, 112 S.Ct. 2290 (1992). And see also Pending Dismissed and Acquitted Conduct Bill, Before Congress.

Third, to the extent the government states the enhancement applies because of

the image the minor sent Posso in February 2017 (PSR 8) was in connection before committing the conduct charged in Count 6 (See Doc.30, P.16). Counsel Petty was ineffective for not objecting that the image has nothing to do with the intent for the preparation for the encounter that occurred in October 2017. This is because the chats are unrelated because on October 4, 2017 (for count 6), the Petitioner did not know who he was speaking to, and the fact that Minor-1 claims that he lost his phone shows that Petitioner and Minor-1 were not in communication for 8 months which is evidence that the conversations and the alleged image from February 2017 are unrelated to the offense and the alleged intent of the image in preparation for the offense that occurred in October 2017.

Lastly, counsel Petty did try to make objections to the cross-reference in PSR(34), but was ineffective in failing to file motions to remove the enhancement as to the due date of the pleadings on October 2, 2018 (See Doc.28, P.41). The cross-reference clearly doesn't apply. Given all the issues and disputes for this ground, an evidentiary hearing is required.

**OBJECTION 6:** The magistrate disputes that Petitioner's "Sixth, Seventh, Eight, and Ninth grounds have been waived" (Doc.85, P.5), and that the "Petitioner's sixth, eight, and ninth grounds are also time-barred" (id, P.6). The magistrate also states in footnote number 4 that ground Seventh is not time-barred but it has been waived (see id, P.6, footnote 4). Contrary to the magistrate's attempt to prevent Petitioner from bringing these subject matter jurisdiction grounds, the Petitioner has already and fully argued and cited sufficient law which allows Petitioner to bring these grounds for relief (See Doc.52, PP.1-2, and Doc.77, PP.21-22).

To the extent the Magistrate Judge states Petitioner's Subject Matter Jurisdiction grounds are waived, the Petitioner never waived his right to challenge the court's subject matter jurisdiction. Moreover, Subject Matter Jurisdiction may not be conferred on a federal court by stipulation, estoppel, or waiver as has been stated before in Doc.52, and Doc.77, PP.21-22.

Second, to the extent the Magistrate states that Petitioner's subject matter jurisdiction grounds are time-barred, the magistrate is going contrary to the law and case law of Senior Judge Robert E. Payne which stated in U.S. V. SanJurjo, 2015 U.S. Dist. lexis 134513 (4th cir. Va, Oct 1, 2015), (See Doc.77, PP.21-22) that SanJurjo could bring a claim for subject matter jurisdiction under his 28 U.S.C. 2255 thirteen(13) years later after the entry of judgment. Moreover, Petitioner is challenging the jurisdiction of the Middle District court on the basis that the indictments are void for lack of subject matter jurisdiction since he is innocent of the counts of convictions counts 3, 6, and 8, and such challenges to the jurisdiction of the Middle District Court to try and convict Petitioner of counts 3, 6, and 8 may not be procedurally barred as in Lockett V. Puckett, 988 F. Supp. 1019, at 1023, 1997 U.S. Dist. lexis 20731 (5th cir. S.D. Miss. 1997).

Page 13 of 18

For one, none of Petitioner's charges in the indictment, or the ones he was convicted of did not substantially affect interstate commerce and are not subject to regulation under commerce clause, U.S. Const. art. I, 8, cl. 3 as in U.S. v. Smith, 402 F.3d 1303., No. 03-13639 (11th Cir. App. 2005). This fact, coupled together with the fact that Petitioner does not meet the elements of the convictions and is innocent as charged makes the judgment void and the court lacked subject matter jurisdiction. In particular count 8 where hyperlinks is not even a federal offense for possession of child porn, and the case of U.S. v. Navrestad, supra clearly states Posso cannot be convicted just for possessing hyperlinks.

Furthermore, a jurisdictional defect cannot be procedurally defaulted such as an indictment which fails to state the elements or fails to descend to particulars, or a court who convicts a defendant but that has no power to convict because it lacks jurisdiction since no offenses occurred in that district as in Lockett v. Puckett, supra (quoting Kelly v. U.S., 29 F.3d 1107 (7th Cir. 1994), which held that the court in analyzing a petition pursuant to 28 U.S.C. 2255, concluded that "a jurisdictional defect cannot be procedurally defaulted..." Id. at 1113. "The original purpose of the writ of habeas corpus...was to allow relief where a defendant was convicted by a court that lacked jurisdiction." Id. at 1113 n.2.

Therefore, the Petitioner brought his subject matter jurisdiction grounds successfully which were even brought before the Government's reply to Petitioner's 2255 motion and did not object to the supplemental brief. Furthermore, grounds of subject matter jurisdiction are not subject to the AEDPA limitation for a 2255 motion for the reasons explained above, Doc. 52 and Doc. 77, pp. 21-22, and because challenges to a district court's subject matter jurisdiction may be raised at any time, including in a 28 U.S.C. 2255 motion for collateral review of a federal conviction.

Due to the government, Magistrate Judge, and Petitioner disputes about whether or not Petitioner can bring these grounds of subject matter jurisdiction for relief under the Petitioner's 2255, an evidentiary hearing is warranted to discuss these issues. Moreover, the magistrate has failed to address the merits of the subject matter jurisdiction grounds as in U.S. v. Mohamadi, supra.

**OBJECTION 7** The magistrate disputes that an evidentiary hearing is not warranted because "It is clear from the pleadings, files, and records that Petitioner is not entitled to relief" (Doc. 85, P. 24). However, contrary to the magistrate's recommendation, an evidentiary hearing is mandatory in light of all the issues that are being disputed and that a resolution has yet to be stablished as to all grounds and controversies. Moreover, the Petitioner has provided sufficient facts to support the allegations against counsel Petty for being ineffective and the record needs to be expanded to flesh out the facts and prove the validity of the counsel's affidavit and Petitioner's as in Machibroda v. U.S., 368 U.S. 487, 494-95, 7 L.Ed. 2d 473, 82 S.Ct. 510 (1962) stating that when factual allegations "relate primarily to purported occurrences outside the courtroom

and upon which the record could, therefore, cast no real light", and where the ultimate resolution rest on a credibility determination, Raines v. U.S., 423 F.2d 526, 530 (4th Cir. 1970), an evidentiary hearing is especially warranted. See also U.S. v. Fields, 949 F.3d 1240., No. 17-7031 (10th Cir. App., 2019) (The district court erred by resolving the issue of prejudice without benefit of an evidentiary Hearing).

A) In this case as to Ground 1, the Petitioner disputes that counsel Petty withhelded from him the copies of the SI's and told Posso to sign a plea with a "deal" of 3 counts. On the contrary, counsel Petty disputes in his affidavit, "Mr. Posso's allegation that he was not aware of any and all indictments is simply not true as the... superseding indictments were reviewed with him in advance of his plea" (See Doc. 75-76, counsel's affidavit reffered as exhibit 1, fact 8).

B) As to Ground 2, an evidentiary hearing is warranted as the Petitioner maintains that he did not meet the elements of the convictions counts 3, 6, and 8, and in light of counsel Petty's erroneous understanding as to the conduct actually proscribed by the statutes, and that the mens rea elements were not met, this mandates for an evidentiary hearing to decide these factual and legal issues in light of Rehaif, Murphy, supra, and the 2021 Jan. Pres. Trump's Mens Rea rulings and directives.

C) As to Ground 3, an evidentiary hearing is warranted for the fraud upon the court in light of Petitioner's affidavit as has been discussed previously, the Petitioner and counsel Petty are in dispute as to whether counsel Petty withhelded the SI's from Posso, and did not inform him of the arraignment procedures for both SI's, and the counsel fraududently stating to the court that he did go over the SI's and reviewed them with Posso.

D) As to Ground 4, about the Petitioner telling counsel Petty he did want to appeal, and the counsel failing to do so and stating he did not want to do it as he stated in his own transcripts, (Doc. 81) and affidavits (Doc. 75-76, Exhibit 1, facts 9-14), the Petitioner did state he wanted to appeal. Given the disputes, an evidentiary hearing is warranted.

E) As to Ground 5, an evidentiary hearing is warrated to question counsel about the allegations Petitioner brought forth that he failed to understand the application of the law, the elements, and the enhancement application causing the Petitioner to be unlawfully convicted and unlawfully enhanced, and his failure to conduct legal and factual investigations of Petitioner's case. Given counsel Petty's statements in Doc. 38, 06/24/2019, and his affidavit Doc. 75-76, 09/28/2020 -- Exhibit 1, Fact 7, "Mr. Posso's allegations that counsel did not understand the law, or the enhancements under the United States Federal Sentencing Guidelines, is not accurate...", an evidentiary hearing is more than necessary to discuss these issues and other issues related to counsel Petty never showing the factual basis to Posso but only for a few minutes in the middle of the plea hearing

(see Doc.50, P.4 facts 9-10), Counsel Petty withholding certain pages of the PSR from Posso (Id, PP.5-6, facts 14-16), Posso stating to counsel Petty that some of the PSR (64) statements were false (Id, P.6 Fact 17), and his failure to object to certain enhancements when Posso told him to do so (Doc.78, PP.10-12 Fact 41)... all of these needs to be addressed at an evidentiary hearing.

F) And lastly, as to Grounds 6-9, an evidentiary hearing is necessary in light of the Magistrate Judge, Government, and Petitioner's dispute about bringing the Subject Matter Jurisdiction grounds.

**OBJECTION 8:** The last issue disputed by the Magistrate is that Petitioner's motion for reconsideration (Doc.51, 12/09/2019 & Doc.62, 03/30/2020), which relates to the "Motion for Disclosure of information concerning the grand jury composition" (Doc.42, 08/22/2019) which was denied by the court in Doc.49, 11/14/2019, the magistrate states that "Nothing in this motion warrants the court's reversal of its earlier decision to deny Petitioner's request for grand jury information. This motion is denied" (Doc.85, P.23-24). The magistrate did permit Petitioner's motion to amend the motion for reconsideration in Doc.62, 03/30/2020, but states the motion for reconsideration be denied (Doc.85, P.26).

The magistrate's only contention about denying this motion is that "Petitioner seems to be under the mistaken impression that superseding indictments are only legitimate if they are returned by the same grand jury that returned the initial indictment" (Doc.85, PP.23-24). On the contrary, the Petitioner is well aware that the rules governing grand jury selection and composition states that at least 12 or more members have to be present to return subsequent superseding indictments when they returned a previous indictment. If more than 12 members are not the same, then it is a violation of the federal rules and the constitution, and Petitioner's rights.

The Petitioner's amended motion for reconsideration (Doc.62) is well detailed as to why the grand jury composition list is required due to the filing of the indictment and SI's by the government, the dates when the SI's were returned by the grand jury, and all the amending and renumbering of counts which raises doubt that some members of the grand jury that returned the first indictment and SI's were not the same. This has been fully argued in (Doc.51 and 62), and the caselaw that allows Petitioner to inspect the grand jury composition list is well detailed in Doc.42, PP.5-17. In light of S. Ct. Test v. U.S., 420 U.S. 28, 42 L.Ed. 2d 786, 95 S.Ct. 749 (1975), 4th Cir. Precedent U.S. v. White, 1996 U.S. Dist. Lexis 8080 (4th Cir. 1996), and U.S. v. Curry, 993 F.2d 43, at 44 (4th Cir. 1993), the Petitioner has an unqualified right to inspect the grand jury composition detailing the age, race, gender of each member of the grand jury as shown in the example in Doc.42, PP.14-16.

Moreover, the Petitioner in his amended motion for reconsideration (Doc.62) has shown

several and specific factual allegations that raise the prospect of governmental misconduct and the need for the grand jury composition list detailing the age, race, and gender of each grand juror as in U.S. v. Medina, 921 F. Supp. 189., 1996 U.S. Dist. Lexis 4276 (2nd. Cir. March 29, 1996).

## CONCLUSION

All of Petitioner's grounds, and all the facts have been set in the Petitioner's pleadings. The Petitioner Posso has provided the court with the law, facts, affidavits, telephone recordings to obtain the relief that he is entitled to and given all the constitutional violations. The recent S. Ct. Rehaif ruling, as well as the executive order by Former Pres. Trump, Protecting Americans from Overcriminalization and Restoring the Mens Rea, issued on Jan. 18, 2021 entitle Posso to a hearing about the elements of convictions.

Moreover, given all the disputes by the Parties, an evidentiary hearing is warranted to address all these issues, and the Petitioner has addressed the relevant disputes from the magistrate judge report and recommendation, so the case is ripe for review and the Petitioner humbly asks this court to consider all the facts presented so that the Petitioner may obtain the relief he seeks and is entitled to by the law.

"TRUTH NEEDS NO DEFENSE, IT IS SELF EVIDENT" (David R. Hawkins, M.D. P.h.D, Power v. Force)

Respectfully submitted on this 7 day of June, 2021 by,

S:/ JacoboRozoPosso

Mr. Jacobo Rozo Posso (34312057)
FCI Butner II
P.O. Box 1500
Butner, NC 27509.

# Certificate of Service (28 U.S.C. 1746)

I, JACOBO ROZO POSSO, do hereby swear under the penalty of perjury that a copy of the "Petitioner's Objections to the Magistrate's Report & Recommendation & Request for Immediate Evidentiary Hearing" has been sent to:

1) ⇔34312-057⇔
   Office Of The Clerk
   324 West Market St., Room 401
   U.S. District Court
   Greensboro, NC 27401
   United States

   Sent to the court certified mail return receipt.
   Tracking #:
   7020 1810 0000 2366 7418

2) ⇔34312-057⇔
   Eric L Iverson
   101 S. Edgeworth St., 4th Floor
   Assistant U.S Attorney
   Greensboro, NC 27401
   United States

Via U.S. Postal Mail (Houston v. lack, 487 U.S. 266 (S.ct. 1988)) on this 7 day of June, 2020 by:

S:/ JacoboRozoPosso

Mr. Jacobo Rozo Posso (34312057)
FCI Butner II
P.O. Box 1500
Butner, NC 27509