IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 18-cr-120-1 |
| | ) | |
| JACOBO ROZO POSSO | ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is Defendant Jacob Rozo Posso's *pro se* motion to amend the judgment issued by this court following his conviction for possession of child pornography and enticement of a minor. (Doc. 101.) The Government filed a response in opposition (Doc. 103), and Posso filed a supplement (Doc. 104) and replied (Doc. 105). For the reasons set forth below, the motion will be denied.

**I.  BACKGROUND**

On June 13, 2018, Posso pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and two counts of enticement of a minor in violation of 18 U.S.C. § 2422(b). (Doc. 23.) On October 16, 2018, this court sentenced him to 204 months of imprisonment followed by 20 years of supervised release. (Doc. 34 at 2-3.) Posso was also ordered to pay $6,000.00 in restitution and $300.00 in special assessments. (Id. at 6.) Because Posso was ordered to pay restitution in excess of $2,500.00, the obligation to pay interest was triggered by statute. See 18 U.S.C. § 3612(f)(1) ("The defendant shall pay

interest on any fine or restitution of more than $2,500.00, unless the fine is paid in full before the fifteenth day after the date of judgment.")  Finally, the Judgment provided that the total amount was "due immediately," but that "to the extent the defendant cannot immediately comply, the Court recommends the defendant participate in the Inmate Financial Responsibility Program ["IFRP"]."  (Id. at 7.)

IFRP is a Bureau of Prisons ("BOP") program that enables prisoners to work and earn a minimal wage; participation renders their accounts subject to payments toward applicable court-ordered financial obligations.  See Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015); 28 C.F.R. § 545.10-11.  "Prison staff assist inmates in developing financial plans, which are subject to periodic review."  Fontanez, 807 F.3d at 85.  Participation in the IFRP is entirely voluntary; the BOP cannot compel an inmate to participate, but it can condition certain privileges on participation as well as insist on certain requirements of participation.  Id. (citing United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010)).

In early 2019, Posso voluntarily enrolled in the IFRP program, agreeing to pay $25 quarterly toward the still outstanding amount of restitution.  (Doc. 101 at 1; Doc. 101-2 at 3.)  Sometime thereafter, however, the BOP "increased" Posso's "IFRP from $25.00 to $100.00 on a quarterly basis."  (Doc. 101 at 1; see Doc. 105 at

2

3.)

Posso filed the instant motion, in which he makes two requests. First, he seeks to "amend[] the judgment order to reflect a schedule of payments of restitution according to his ability to pay, not to exceed $25.00 per quarter." (Doc. 101 at 2.) He contends "[t]he power to set the amount and time of payments for restitution lies with the court, and not the BOP." (Id.) Second, he asks that the court "waive the interest on the restitution" because "the judgment [entered pursuant to his criminal conviction] does not impose nor does it require[] the payment of interest." (Id.) He concludes that, even if the judgment did impose interest, it should be waived "to reflect [that] he is unable to pay." (Id.)

**II. ANALYSIS**

   **A. Modification of Scheduled Restitution Payments**

As an initial matter, Posso is incorrect that this court improperly "delegate[d] its authority to set the amount and timing" of the payments to the BOP. (See Doc. 105 at 1.) The cases Posso cites have no application here. In United States v. Miller, which Posso contends is "controlling" (Doc. 105 at 2), the sentencing court's judgment improperly provided wide latitude to the BOP and the Probation Office by ordering that payment of a fine be made "at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." 77 F.3d 71, 74 (4th Cir. 1996).

3

And, in United States v. Mortimer, the sentencing court impermissibly required IFRP participation by ordering that "the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program and make restitution in accordance with the policies of that program." 94 F.3d 89, 90 (2d Cir. 1996). Here, in contrast, Posso's Judgment clearly provides that the payment of restitution is "due immediately" and merely "recommends" that Posso participate in the IFRP if he cannot comply with that condition. (Doc. 23 at 7.)

"[W]hen a fine or other financial obligation is due immediately, the BOP's use of the IFRP program to collect an inmate's court-imposed [financial obligation] does not violate Miller." Harrell v. Stephens, No. 5:10-HC-2259-FL, 2012 WL 688341, at *6 (E.D.N.C. Mar. 2, 2012), aff'd, 479 F. App'x 496 (4th Cir. 2012) (citing Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005)); see United States v. Caudle, 261 F. App'x 501, 504 (4th Cir. 2008); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine"). Accordingly, Posso has not established that his participation in the IFRP is an improper delegation of authority by this court to the BOP. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) ("A payment schedule established by the BOP does not conflict with the sentencing court's immediate payment

4

order.").

To the extent Posso challenges his payment schedule under the IFRP, his motion is procedurally improper. (See Doc. 105 at 3 ("[T]he defendant is simply asking the court to adjust the payment schedule to $25 quarterly.").) Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the BOP. See McGhee, 166 F.3d at 887; United States v. King, No. 3:01-CR-211, 2022 WL 89872, at *1 (W.D.N.C. Jan. 7, 2022). Once he has exhausted those administrative remedies, Posso may then challenge such payments only by filing a motion brought under § 2241 in the district court located in the district of confinement, not the sentencing court. See Fontanez, 807 F.3d at 87 ("We now hold that an inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241."); United States v. Carver, No. 5:17-CR-345-FL-1, 2019 WL 6211366, at *2 (E.D.N.C. Nov. 19, 2019) (stating that "Fontanez require[s] that defendant pursue her challenge to her IFRP payment schedule by filing a § 2241 petition in her district of confinement after exhausting her administrative remedies"); accord United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009) (noting that voluntary participation in IFRP is not a judicially-set payment schedule that can be modified by the court pursuant to 18 U.S.C. § 3664(k)); Matheny, 307 F.3d at 711-12; United States v. Rush,

853 F. Supp. 2d 159, 162 (D.D.C. 2012).

Therefore, if Posso "has concerns about his IFRP contributions, he must raise those concerns with the BOP, not with this Court." King, 2022 WL 89872, at *1. In the event defendant cannot obtain modification of his payment schedule through BOP's administrative remedy program, he "may file a § 2241 petition challenging that decision 'in the district in which [he] is currently confined.'" Carver, 2019 WL 6211366 (quoting In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)).

B.  **Waiver of Restitution Interest**

Pursuant to 18 U.S.C. § 3612(f)(1), a federal criminal defendant is required to "pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." The same statute, however, also allows a court to waive or limit the amount of interest owed "[i]f the court determines that the defendant does not have the ability to pay interest." Id. at § 3612(f)(3). At sentencing, this court did not state one way or another whether it was waiving or otherwise limiting Posso's restitution interest. (Docs. 34, 55.) But because the total amount of restitution Posso owes exceeds $ 2,500, § 3612(f)(1) was triggered and, as of now, interest is accruing annually on the amount of restitution still outstanding. (See Doc. 103 at 2.) This is only fair, as it reflects (in some small measure, albeit less than inflation) the

6

damage inflicted by Posso given the time value of money.

In the present motion, Posso asks the court to waive the interest requirement for two reasons. First, he argues that the interest should be waived because, at sentencing, the court never intended to impose interest on the restitution, as evidenced by the "failure of the judgment to state interest applies." (Doc. 105 at 4.) Posso points to page 6 of the Judgment, which includes – next to an unchecked box – a provision stating that the "[t]he defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth date after the date of the judgment, pursuant to 18 U.S.C. § 3612(f)." (Doc. 34 at 6.) That the box next to this provision was left unchecked, Posso says, "implies the court did not intend to apply interest to the restitution in this case." (Doc. 105 at 4.) Second, he argues that, even if interest was imposed pursuant to the Judgment, it should nevertheless be waived to "reflect [that] he is unable to pay." (Doc. 101 at 2; see also Doc. 105 at 4.)

Though not briefed by either party, there is a preliminary issue as to whether the court has jurisdiction to waive Posso's restitution interest under Section 3612(f)(3). There has been some disagreement among the federal courts as to whether § 3612(f)(3) confers jurisdiction upon a district court to modify a defendant's restitution interest after sentencing. See United

7

States v. Allen, No. 6:97-CR-9-RP, 2017 WL 5560415, at *1 (W.D. Tex. Nov. 13, 2017) (collecting cases). The Fourth Circuit has held in an unpublished case that "§ 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest." United States v. Coleman, 319 F. App'x 228, 231 (4th Cir. 2009) (per curiam)(citing United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003))[1]; see United States v. Benjamin, No. CRIM. DKC 96-0217, 2011 WL 3821534, at *2 (D. Md. Aug. 26, 2011) (finding that, under Coleman, the court had the authority to "modify the restitution order in the amended judgment"). Therefore, the can assume, without deciding, that it has the authority to waive or reduce the imposition of Posso's restitution interest in this case because, for the reasons noted below, he has failed to make the requisite showing.

Posso's argument that his original sentence did not require him to pay interest on the restitution is unavailing. As the Government points out (Doc. 103 at 7), page 6 of the Judgment also includes – again, next to an unchecked box – a provision for when the court finds that "[t]he court determined that the defendant does not have the ability to pay interest and is ordered that . .

---

[1] The Fourth Circuit "ordinarily do[es] not accord precedential value to [its] unpublished decisions" but accords them "only [] the weight they generate by the persuasiveness of their reasoning." Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation and internal quotation marks omitted).

. the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) . . . for the restitution." (Doc. 34 at 6.) Thus, the Judgment form, far from indicating the court's intent to waive the restitution interest requirement, is simply silent on the matter.[2]

As noted, however, when a federal criminal defendant owes restitution in excess of $2,500, "the obligation that he pay interest is triggered by statute." United States v. Rostan, 565 F. App'x 798, 800 (11th Cir. 2014); see 18 U.S.C. § 3612(f)(1) ("The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." (emphasis added)). As such, "[t]here is no requirement that the judgment form express the default requirement that the defendant pay interest on the restitution ordered." Rostan, 565 F. App'x at 800. Instead, when a district court is simply "silen[t] on the matter, it is clear that the court did not exercise its discretion . . . to waive or limit the interest requirements." Id. at 800-801; see 18 U.S.C. § 3612(f)(3) ("If the court determines that the defendant does not

---

[2] Nor did the court at sentencing state orally that it waived interest for Posso on the restitution. See Doc. 55 at 57 (stating that the parties had "stipulated to restitution in the amount of $6,000" but not specifying whether interest would accrue on that).) So, to the extent Posso argues that the Judgment's silence on imposition of interest should be construed as a waiver of interest he is incorrect because a written judgment cannot override the court's oral pronouncement of sentence, which did not include any waiver of interest. See United States v. Rogers, 961 F.3d 291, 296 (4th Cir. 2020) (explaining that the "primacy of the oral sentence over the written judgment is well established").

9

have the ability to pay interest under this subsection, the court <u>may</u> — (A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." (emphasis added)). Accordingly, the court has no trouble concluding that Posso's original sentence included, by operation of law, a requirement that he pay the statutorily required interest on the restitution ordered.

The only remaining question is whether the court should nevertheless waive or modify the interest requirement based on Posso's professed inability to pay. (Doc. 105 at 4.) In his motion, Posso argues that he is unable to pay because he has enrolled in "college courses which represent another expenditure to [his] mother, and [he] is unable to find jobs at the institution at this time to take the burden off this mother [sic] paying the restitution and interest requirement." (<u>Id.</u>) In response, the Government argues that Posso has "not made a showing that he will be unable to meet his interest obligation over the term available for enforcement of his debt." (Doc. 103 at 7.)

The Government is correct. Even assuming that 18 U.S.C. § 3612(f)(3) provides post-judgment relief, it "does not provide the [c]ourt with unlimited discretion to determine whether interest should be waived or limited." <u>United States v. Fields</u>, No. 99-CR-0286 (KBJ), 2020 WL 32990, at *3 (D.D.C. Jan. 2, 2020).

10

Instead, "Congress only authorized reconsideration where 'the court determines that the defendant does not have the ability to pay interest under this subsection.'" Id. (quoting 18 U.S.C. § 3612(f)(3)). Posso is unable to make this showing. For one thing, his restitution is decades from expiring. As the Government correctly points out, pursuant to 18 U.S.C. § 3613(b), Posso's obligation to pay restitution "will not expire until 20 years after he is released from prison, which is currently scheduled for September 23, 2032." (Doc. 103 at 7.) Accordingly, Posso "cannot know . . . what his financial circumstances will be following his release." See Benjamin, 2011 WL 3821534, at *3 (stating that defendant could not make showing of inability to pay on these grounds). And while it is admirable that Posso has enrolled in college classes, the trade-off he ostensibly faces between paying interest on the restitution he owes to one the victims harmed by his criminal conduct and taking classes is not the kind of hardship that justifies relief under § 3612(f)(3). See United States v. Perez, No. 90-CR-546, 2008 WL 4865992, at *4 (N.D. Ill. July 1, 2008)(declining to waive the defendant's interest under Section 3612(f)(3) where he argued that paying his restitution interest would be "a hardship" but did not claim "a complete inability to pay the interest on his fine"); United States v. Fowler, No. 1:03-CR-38-TS, 2008 WL 506061, at *3 (N.D. Ind. Feb. 20, 2008) (declining to waive the defendant's interest under Section

11

3612(f)(3) because her "statement that she is having 'financial difficulties' ... is not enough to show that [she] does not have the ability to pay interest"). Therefore, the court concludes that even assuming that § 3612(f)(3) permits post-judgment relief, Posso has not made the requisite showing of hardship that would justify waiving the restitution interest that he owes as part of his criminal conviction.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that the Posso's Motion to Amend the Judgment (Doc. 101) is DENIED.

              /s/   Thomas D. Schroeder
              United States District Judge

December 16, 2022